**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Charles H. SCHAFFNER,**
**Defendant-Appellee.**

**No. 83-5050.**

United States Court of Appeals,
Sixth Circuit.

Argued June 23, 1983.

Decided Aug. 29, 1983.

Louis DeFalaise, U.S. Atty., Lexington, Ky., James E. Arehart, Ellen Sue Shapiro (argued), General Litigation and Legal Advice Section, Crim. Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellant.

William Oldfield, W. Robert Lotz (argued), Covington, Ky., for defendant-appellee.

Before LIVELY and CONTIE, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

CONTIE, Circuit Judge.

Pursuant to 18 U.S.C. § 3731, the United States appeals from the district court's dismissal of a criminal indictment charging the defendant Schaffner with obstructing the administration of justice, 18 U.S.C. § 1503, by hiding a witness whose testimony would have been unfavorable to his client. The district court held that the government was obliged to prosecute the defendant under 18 U.S.C. § 1501[1] ("Assault on process server") rather than under the omnibus clause of 18 U.S.C. § 1503[2]

---

1. Title 18 U.S.C. § 1501 provides in relevant part:

**Assault on process server**

   Whoever knowingly and willingly obstructs, resists, or opposes any officer of the United States, or other person duly authorized, in serving, or attempting to serve or execute, any legal or judicial writ or process of any court of the United States ... [s]hall, except as otherwise provided by law, be fined not more than $300 or imprisoned not more than one year, or both.

2. Title 18 U.S.C. § 1503, as effective at the time of indictment, specifically made it illegal to

influence, intimidate or impede any witness, juror or judicial officer in connection with any judicial proceeding in the federal courts. Section 1503 also contains a broad omnibus clause which makes illegal any actions whereby a person "corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

Section 1503 was amended effective October 1982 but those amendments did not alter the omnibus clause.

because § 1501 more specifically fit the facts alleged in the indictment. We reverse.

## I.

The defendant, an attorney in Kentucky, was defending Victor Scharstein in October 1981 against federal criminal charges. Michael McVey, an employee of Scharstein's, gave a written statement to the government incriminating Scharstein and agreed to testify at Scharstein's trial. Shortly before Scharstein's trial, the United States attempted to serve McVey with a subpoena but was unsuccessful. The government alleged that McVey informed Scharstein of the attempted service and Scharstein in turn informed his attorney, the defendant in this case. The defendant then allegedly advised Scharstein to hide McVey so that McVey could not be served with a subpoena. McVey was never served with a subpoena and he did not testify at Scharstein's trial. Scharstein was convicted without McVey's testimony.

The United States charged the defendant with two counts of violating 18 U.S.C. § 1503. Count One charged that the defendant corruptly endeavored to "influence, intimidate and impede" a witness. Count Two charged that the defendant corruptly endeavored to "influence, obstruct and impede the due administration of justice . . . in that the [defendant], knowing that the United States of America was seeking the presence of and trying to locate one Michael D. McVey to be a witness for the United States of America in the [Scharstein case], did cause, urge, advise and persuade the said Michael D. McVey to hide out and avoid testifying for the United States of America." Pursuant to an order of the district court, which is not at issue on appeal, the government dropped Count One. The government subsequently added a new count charging the defendant with violating 18 U.S.C. § 1501 by interfering with a process server.

The defendant then moved to dismiss the obstruction of justice charge, 18 U.S.C. § 1503, because the facts alleged more specifically fit the interference with a process server charge, 18 U.S.C. § 1501. The district court granted the defendant's motion, stating that:

> From the facts as we know them, i.e. that the defendant gave counsel, and advice to a witness in a criminal prosecution to avoid service of a subpoena, and the result was that the witness was not served with process and did not appear as witness; and if those are the facts the government will rely upon, these do seem to be described by the terms of 18 U.S.C. Section 1501.
>
> This situation could certainly be considered an obstruction of justice, and be prosecuted under 18 U.S.C. Section 1503, but for 18 U.S.C. Section 1501, which pursuant to *United States v. Computer Sciences Corp.*, 511 F.Supp. 1125 (E.D.Va. 1981), calls for the prosecution of this case under 18 U.S.C. § 1501, a misdemeanor. For under *United States v. Computer Sciences Corp., Id* at 1133,
>
> > "when a prosecutor is faced with an alleged offense which violates more than one statute with one being specifically tailored to the alleged offense involved the prosecutor has no discretion to charge a defendant under any statute other than the specifically tailored one." *Id* at 1133.

*United States v. Schaffner*, No. 82–31, unpublished slip op. at 2 (E.D.Ky., filed January 7, 1983).

The government and the defendant entered into a pre-trial diversion agreement on the misdemeanor charge under § 1501 whereby the charges would be dropped after one year if the defendant complied with the terms of the diversion agreement. The government now appeals from the district court's dismissal of the § 1503 obstruction of justice charge.

## II.

The district court found that the defendant's actions, if proven, were proscribed by both 18 U.S.C. § 1501 and § 1503 but that the government could prosecute only under § 1501 because that statute was more specifically tailored to the facts of this case. On appeal, the government contends that

no such rule of specificity exists and that it has the discretion to charge under any statute applicable to the facts alleged.

The sole case relied upon below, *United States v. Computer Sciences Corp.*, 511 F.Supp. 1125 (E.D.Va.1981) was subsequently reversed by the Fourth Circuit. 689 F.2d 1181 (4th Cir.1982), *cert. denied,* ―― U.S. ――, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). The Fourth Circuit found that the cases relied upon by the Virginia district court, *Busic v. United States,* 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980) and *Simpson v. United States,* 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), only related to whether a general sentence enhancement statute could be applied to a criminal statute which included its own sentence enhancement provision. In such a situation, the Supreme Court has held that only the more specific sentence enhancement provision contained within the statute may be applied. The Fourth Circuit held that *Simpson* and *Busic* are simply inapplicable to the question of whether a prosecutor may elect to charge under the less specific of two applicable statutes. 689 F.2d at 1186–88.

■ We agree. *Simpson* and *Busic* only apply to the question of punishment. At the indictment stage, the United States is free to prosecute under any applicable statute without regard to which statute is most specifically tailored to the facts alleged. *See United States v. Batchelder,* 442 U.S. 114, 123–25, 99 S.Ct. 2198, 2203–05, 60 L.Ed.2d 755 (1979); *United States v. Duncan,* 693 F.2d 971, 975 (9th Cir.1982); *Computer Sciences,* 689 F.2d at 1187–88. "Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *Batchelder,* 442 U.S. at 124, 99 S.Ct. at 2204. We refuse to limit that discretion by requiring the prosecutor to proceed only under the most specific of applicable statutes.

■ We also reject the defendant's contention that when both a felony statute and a misdemeanor statute proscribe the defendant's actions, the prosecutor may only proceed under the misdemeanor statute.

There is no general rule of lenity which requires the government to forego a felony prosecution simply because a misdemeanor statute may also be applicable. "When the same conduct is prohibited by two penal statutes, the government may proceed under either and the defendant may not complain if the government elects to proceed under the harsher one." *United States v. Hamel,* 551 F.2d 107, 113 (6th Cir.1977).

### III.

■ Having held that the district court erred in holding that the government did not have the discretion to choose between prosecuting under either § 1501 or § 1503, we now address the defendant's contention that the government may not proceed under both statutes because of the rule against multiplicity. An indictment is multiplicitous if it charges a single offense in more than one count. *United States v. Robinson,* 651 F.2d 1188, 1194 (6th Cir.), *cert. denied,* 454 U.S. 875, 102 S.Ct. 351, 70 L.Ed.2d 182 (1981).

■ We find that the multiplicity question is not properly before the court at this time. The defendant's argument that the district court had the discretion to remedy the multiplicity problem by striking one of the counts is unpersuasive because that was not the basis for the district court's decision. The district court simply never decided if charging violations of both § 1501 and § 1503 rendered the indictment multiplicitous. We believe that the issue should be addressed in the first instance by the district court. It may well be that no multiplicity problem will arise on remand. If the defendant complies with the terms of the pre-trial diversion agreement, the United States will be precluded from prosecuting under 18 U.S.C. § 1501. Even if the defendant does not comply with the agreement, the government may still decide not to prosecute. In that case, no multiplicity problem will exist.

### IV.

Finally, the defendant contends that the district court's dismissal of the obstruction

of justice charge should be affirmed on the alternative ground that the actions alleged in the indictment are not proscribed by § 1503.

The defendant maintains that the rule of ejusdem generis requires that the omnibus clause of § 1503 be strictly construed in light of the specific prohibitions in § 1503 so as to cover only obstructions of justice achieved through force or intimidation. Since the government does not allege that the defendant kept McVey from testifying through force or intimidation, the defendant argues that § 1503 is inapplicable.

We disagree. The identical argument was rejected in *United States v. Faudman,* 640 F.2d 20 (6th Cir.1981), where we stated that prosecutions under the omnibus clause of § 1503 are not limited "to those instances where threats or force are used against a witness, officer or juror." *Id.* at 23. The defendant's restrictive interpretation of § 1503 would render the omnibus clause mere surplusage. *Id.*

The defendant's assertion that § 1503 has never been applied to a factual situation identical to that involved here is of no legal import. The omnibus clause of § 1503 was broadly stated in order to cover the many possible ways in which the due administration of justice could be corruptly obstructed. *See United States v. Partin,* 552 F.2d 621, 631 (5th Cir.), *cert. denied,* 434 U.S. 903, 98 S.Ct. 298, 54 L.Ed.2d 189 (1977). The fact that a defendant devises an original method of achieving that aim does not insulate him from prosecution. We conclude that the allegations made in this case—that the defendant knew that McVey was to be a witness[3] and knowingly hid or helped to hide McVey in order that he would not be subpoenaed and would not testify at the trial of the defendant's client —would, if proven, constitute a violation of 18 U.S.C. § 1503.

We have considered the balance of the defendant's arguments and find them to be without merit. The judgment of the district court is VACATED and the case is REMANDED for further proceedings consistent with this opinion.

---

**3.** We briefly note and reject the defendant's contention that McVey was not a witness within the meaning of § 1503 because he had not been subpoenaed. A person may be a witness under § 1503 even though he has not been subpoenaed. *See, e.g., United States v. Berardi,* 675 F.2d 894, 903 n. 17 (7th Cir.1982). All that is necessary is a showing that the defend-

ant expected the person to testify. *Id.* at 903–04. Any other interpretation would allow a defendant to freely obstruct justice up until formal service of a subpoena. In this case, the defendant knew that McVey had given a statement and agreed to testify. Under these circumstances, McVey was clearly a witness within the meaning of § 1503.