**UNITED STATES of America,**
**Plaintiff–Appellant,**

**v.**

**Harry V. MOHNEY; Thomas Tompkins; Elizabeth L. Scribner; and Lee J. Klein, Defendants–Appellees.**

**No. 90–1738.**

United States Court of Appeals, Sixth Circuit.

Argued July 18, 1991.

Decided Nov. 27, 1991.

Rehearing and Rehearing En Banc Denied Jan. 7, 1992.

Joseph Allen, Asst. U.S. Atty., Detroit, Mich., Robert E. Lindsay (briefed), Alan Hechtkopf, Karen Quesnel (argued), U.S. Dept. of Justice, Appellate Section Tax Div., Washington, D.C., for the U.S.

Clyde B. Pritchard, Edith S. Thomas (briefed), Detroit, Mich., for Harry V. Mohney.

Larry C. Willey (argued and briefed), Grand Rapids, Mich., for Thomas Tompkins, Elizabeth L. Scribner, Lee J. Klein.

Before RYAN and BOGGS, Circuit Judges, and DOWD, District Judge.*

RYAN, Circuit Judge.

The United States appeals the decision of the district court denying a motion to reconsider the dismissal, based on our recent decision in *United States v. Minarik*, 875 F.2d 1186 (6th Cir.1989), of a charge of conspiracy to defraud the government.

Because we conclude that the district court erred in holding that *Minarik* controlled the disposition of this case, we reverse.

## I.

On September 9, 1988, the grand jury returned a seven-count indictment against the defendants. The indictment alleged that defendant Harry Mohney, through separate corporate tax returns, concealed his ownership of several adult-oriented businesses and filed false personal tax returns. The other defendants, all employees of Modern Bookkeeping Services, a corporation owned by Mohney which prepared the tax returns, were charged only in Count I of the indictment. Count I charged the Modern employees with conspiracy to defraud the government through the concealment of ownership of the adult-oriented businesses on the tax returns, in violation of 18 U.S.C. § 371. The remaining counts charged Mohney with the substantive offenses of filing and aiding in the filing of false personal and corporate tax returns, in violation of 26 U.S.C. §§ 7206(1) and (2).

The district court granted the defendants' motion for a bill of particulars clarifying the allegations of Count I. The defendants also brought a motion to dismiss Count I, asserting that the conspiracy count was impermissibly brought under the "defraud" clause of 18 U.S.C. § 371 rather than the "offense" clause of the same statute.

Relying on *Minarik*, 875 F.2d 1186, the district court granted the motion to dismiss. *United States v. Mohney*, 723 F.Supp. 1197 (E.D.Mich.1989). In *Minarik*, this court was concerned about the confusion caused to the defendants in that case by the failure of the indictment adequately to notify them of the charges. We held that, under the circumstances of that case, a charge laid under 18 U.S.C. § 371 when there is also a specific statute describing the conduct involved in the alleged conspiracy must charge the defendant under the "offense" clause of 18 U.S.C. § 371, not the "defraud" clause of that section. *Minarik*, 875 F.2d 1186. Here, the district court found that "the government's accusation in Count I is essentially a charge that the defendants conspired to conceal Mohney's ownership or control interests by filing tax returns which falsely fail to show such ownership or control." *Mohney*, 723 F.Supp. at 1203. The court further found that 28 U.S.C. § 7206 "fits perfectly the conduct which is the core, the very essence of the government's charge in Count I" and that "[s]ince it is not charged under the offense clause, and the statute is not specified in Count I," *Minarik* mandated dismissal of the charge. *Id.*

The government's motion for reconsideration of the district court's order of dismissal was denied.

* The Honorable David D. Dowd, Jr., United States District Court for the Northern District of Ohio, sitting by designation.

## II.

### A.

#### *Minarik*

Because the district court dismissed Count I based on its reading of *Minarik*, we now turn to that case and the issues it addresses. In *Minarik*, 875 F.2d 1186, defendant Campbell received and ignored three tax assessment notices from the IRS. After receiving these notices, Campbell and Minarik sold real estate on the condition that the buyer pay for the property either in cash or cashier's checks of less than $5,000. When Campbell and Minarik tried to cash the checks, they were arrested by the IRS. The indictment charged the defendants with willfully conspiring " 'to defraud the United States by impeding, impairing, obstructing and defeating the lawful functions of the Department of the Treasury.' " *Id.* at 1188. It further charged that " '[i]t was a part of the said conspiracy that the defendants would conceal and continue to conceal the nature of ALINE MERKEL CAMPBELL'S business affairs regarding a residential property owned by her in Nashville, Tennessee and would conceal and continue to conceal the source and nature of her income from said business affairs.' " *Id.* The indictment charged that the conspiracy violated 18 U.S.C. § 371. A bill of particulars offered two distinct theories for the prosecution: avoidance of the currency reporting requirement of 31 U.S.C. § 5313(a), a theory later abandoned by the government, and tax evasion, a theory the court did not believe was alleged in the indictment. *Id.* at 1189–90.

18 U.S.C. § 371 provides that:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

If, however, the offense, the commission of which is the object of the conspir-acy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

The *Minarik* court stated that section 371's first sentence has always been read in the disjunctive to create a crime of conspiracy to commit an "offense" against the United States that is to be distinguished from the crime of conspiracy to "defraud" the government. The statute is written in the disjunctive in order to criminalize two categories of conduct: conspiracies to commit offenses specifically defined elsewhere in the federal criminal code, and conspiracies to defraud the United States. The first category requires reference in the indictment to another criminal statute which defines the object of the conspiracy. The second category, the defraud clause, stands on its own without the need to refer to another statute which defines the crime. *Minarik*, 875 F.2d at 1186–87. The court concluded that

where the duties of a citizen are as technical and difficult to discern as they are when a taxpayer, before levy, engages in otherwise legitimate activities that may make ultimate collection more difficult, we hold that a Congressional statute closely defining those duties takes a conspiracy to avoid them out of the defraud clause and places it in the offense clause. The conspiracy is still an indictable offense under the first clause of § 371. But compliance with our rule today will mean that prosecutors and courts are required to determine and acknowledge exactly what the alleged crime *is*. They may not allow the facts to define the crime through hindsight after the case is over.

*Id.* at 1196 (emphasis in original). The court offered three explanations for this conclusion. First, the purpose of the defraud section "was to reach conduct not covered elsewhere in the criminal code" and thus should not be used when a specific provision covers that conduct. *Id.* at 1194. Second, section 371's misdemeanor clause, which limits punishment of conspir-

acies whose object is defined as a misdemeanor, would be defeated if those crimes could be prosecuted as felonies under the defraud clause. *Id.* Third, use of the defraud clause would defeat the object of section 7206(4) which specifically criminalized the behavior at issue. *Id.* By not using section 7206(4), which prohibited the concealment of property upon which levy is authorized after a notice of assessment, the prosecution never made clear

> what it referred to when it charged defendants with conspiring to defraud the United States by impeding the Department of the Treasury.

> Such confusion in a criminal prosecution is not permissible when an indictment for conspiracy to commit the offense defined in § 7206(4) would have provided all the clarity that was missing.

*Id.* at 1195.

### B.
### *Inapplicability of Minarik*

■ After studying *Minarik*, as well as the present case, we conclude that the district court misread *Minarik* when it dismissed Count I based on that holding. The court in *Minarik* reached its decision based on the specific facts of that case. *Minarik* did not require that all prosecutors charge all conspiracies to violate a specific statute under the offense clause of section 371. *Minarik* stated that "the 'offense' and 'defraud' clauses *as applied to the facts of this case* are mutually exclusive...." *Minarik*, 875 F.2d at 1187 (emphasis added). The court stressed later in the opinion "the necessity of treating the offense and defraud clauses as mutually exclusive *in this case.*" *Id.* at 1194 (emphasis added). Other courts have also limited *Minarik* to its facts. In *United States v. Bilzerian*, 926 F.2d 1285, 1301 (2d Cir.), *petition for cert. den.*, —— U.S. ——, 112 S.Ct. 63, 116 L.Ed.2d 39 (1991), the Second Circuit rejected the defendant's argument that *Minarik*

required dismissal because he was charged under the defraud clause of section 371 when he could have been charged under the offense clause for violations of specific statutes because "[i]n *Minarik*, prosecution solely under the defraud clause—despite the existence of a specific statutory offense governing the conduct—led to substantial confusion and prejudiced the defendant's ability to prepare for trial." *Id.* Thus, it did not apply in *Bilzerian* where there was no prejudice or confusion. Likewise, in *United States v. D'Amato*, 722 F.Supp. 221, 225 (E.D.Pa.), *aff'd*, 893 F.2d 1332 (3d Cir.1989), the court agreed that the offense and defraud clauses were not mutually exclusive where the problems raised in *Minarik*, failure to allege one theory of criminal conduct in the indictment and the constantly changing theory of the case, were not present.[1]

The *Minarik* court's intention to limit its holding to the particular facts of that case is evident by the court's failure to discuss the statutory and case law which would be violated or compromised by the universal application of the court's holding. First, the language of section 371 shows that the existence of a substantive statute does not bar an indictment under the defraud clause in every case. Section 371 prohibits a conspiracy to defraud the "United States, or any agency thereof in *any* manner or for *any* purpose." 18 U.S.C. § 371 (emphasis added). This broad language does not automatically preclude conspiracies involving conduct proscribed in other statutes.

Second, the Supreme Court has explicitly held that the existence of a specific statutory provision encompassing the charged conduct does not prevent prosecutors from bringing charges under the defraud clause. *Dennis v. United States*, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966). Other courts have also allowed prosecution under the defraud clause despite the availability of a separate applicable substantive of-

---

**1.** A panel of this court later indicated that *Minarik* might not be limited to its facts when it described *Minarik* as holding that " 'conspiracies to commit specific offenses (which are also arguably general frauds)' must be prosecuted 'exclusively under the offense clause of

§ 371....' " *United States v. Gibson*, 881 F.2d 318, 320 n. 1 (6th Cir.1989) (quoting *Minarik*, 875 F.2d at 1194). This reading, however, is not compelled by *Minarik*, which stated that the two clauses were mutually exclusive as applied to the facts of that case.

fense. *Bilzerian*, 926 F.2d at 1302; *United States v. Reynolds*, 919 F.2d 435 (7th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1402, 113 L.Ed.2d 457 (1991); *United States v. Little*, 753 F.2d 1420 (9th Cir. 1984); *United States v. Sans*, 731 F.2d 1521 (11th Cir.1984), *cert. denied*, 469 U.S. 1111, 105 S.Ct. 791, 83 L.Ed.2d 785 (1985); *United States v. Harris*, 729 F.2d 441, 447–48 (7th Cir.1984); *United States v. Williams*, 705 F.2d 603, 623–24 (2d Cir.), *cert. denied*, 464 U.S. 1007, 104 S.Ct. 524, 78 L.Ed.2d 708 (1983).

Finally, requiring prosecutors to use the offense clause anytime a conspiracy violates a specific offense would contradict this circuit's holding in *United States v. Schaffner*, 715 F.2d 1099, 1102 (6th Cir. 1983), that "[a]t the indictment stage, the United States is free to prosecute under any applicable statute without regard to which statute is most specifically tailored to the facts alleged." *See also United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979). The prosecutorial discretion recognized by *Schaffner* would surely be destroyed by a universal rule that all conspiracies to defraud the government which charge conduct prohibited by other statutes must be brought under the offense clause. We will not assume that the *Minarik* court intended to disregard the holding in *Schaffner*.

*Minarik*, then, by its own language, as well as by implication, created a limited rule to remedy the particular concerns raised by the facts of that case. We now turn to the facts of this case to see whether these concerns are also implicated here.

### 1.

### Adequacy of Notice of Charges

■ A chief concern of the court in *Minarik* was whether the government adequately informed the defendants of the charges against them. Unlike the present case, which was dismissed on the indictment, *Minarik* went to trial. Throughout trial preparation and the trial itself, the government's theory of the case changed dramatically and continually, thus presenting "defendants with a moving target as they attempted to prepare their defense." *Minarik*, 875 F.2d at 1189.

The confusion began with an indictment which generally charged a conspiracy to defraud the government by impeding the function of the Treasury Department. *Id.* It did not state which of the many functions of the Treasury Department the defendants allegedly impeded. *Id.* The indictment also described only part of the conspiracy—the concealment of Campbell's business affairs and the source and nature of the income from those affairs. *Id.*

The ambiguity of the charges in *Minarik* became more apparent with the filing of the bill of particulars. The bill of particulars seemed to allege two distinct theories of the case: violation of the Bank Secrecy Act, 31 U.S.C. § 5313(a); and tax evasion. At trial, however, the government repeatedly disavowed that the defendants violated the Bank Secrecy Act. *Id.* The second theory, tax evasion, was not raised until the bill of particulars was filed and "could not have been predicted from the indictment." *Id.* at 1190. Moreover, once the government clearly presented this theory in the bill of particulars, it "never defined what duty defendants were under and thus never argued how the objective acts it adduced proved a dishonest intention to breach that duty." *Id.* The *Minarik* court concluded that "[s]uch confusion in a criminal prosecution is not permissible when an indictment for conspiracy to commit the offense defined in § 7206(4) would have provided all the clarity that was missing." *Id.* at 1195.

■ Here, in contrast, there were no constantly shifting government theories depriving the defendants of notice of the charges against them as the case was dismissed on an indictment clearly alleging a violation of section 371. An indictment is sufficient "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87,

117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974). To establish a violation of section 371, the government must allege and prove an "agreement among the conspirators to commit an offense attended by an act of one or more of the conspirators to effect the object of the conspiracy." *United States v. Falcone,* 311 U.S. 205, 210, 61 S.Ct. 204, 206, 85 L.Ed. 128 (1940). The indictment in this case, citing and quoting section 371, charged that the defendants did "willingly conspire ... to defraud the United States of America by impeding, impairing, obstructing, and defeating the lawful governmental functions of the Internal Revenue Service...." The indictment described the object of the conspiracy

> to defraud the United States by concealing the true ownership and control of particular adult oriented sexually explicit entertainment businesses, for the purpose of concealing the sources of funds used to acquire and expand those businesses, their sources of supply and their customers, and the amount and disposition of their income.

The indictment also set forth the roles played by each defendant, the overt actions they took in furtherance of the conspiracy, and the means used to accomplish the conspiracy. The indictment, which tracked the language of section 371, named the agency impeded and explained how, and by whom, the agency was impeded, and clearly charged a violation of the defraud clause of section 371. The indictment also met the requirements of Fed.R.Crim.P. 7(c)(1) that it contain a citation to the specific statute alleged to have been violated and that it contain "a plain, concise and definite written statement of the essential facts constituting the offense charged." Thus, the indictment clearly alerted the defendants to the charges against them.

2.

### Conduct Charged Violates More Than One Specific Statute

Although the charges in *Minarik* had been brought under the broad scope of the defraud clause, they amounted to a violation of one specific statute, 26 U.S.C.

§ 7206(4). The court found that much of the confusion in that case resulted from the prosecutor's failure to use the offense clause to allege a conspiracy to violate section 7206(4). Thus, *Minarik* held that in order to properly alert defendants to the charges against them, prosecutors must use the offense clause when the conduct charged constitutes a conspiracy to violate one specific statute.

The district court below held that "Count I is essentially a charge that the defendants conspired to conceal Mohney's ownership or control interests by filing tax returns which falsely fail to show such ownership or control" and that section 7206, which prohibits the filing of false tax returns, "fits perfectly the conduct which is the core, the very essence of the government's charge in Count I." *Mohney,* 723 F.Supp. at 1203.

We disagree that the conspiracy charged was limited to a violation of section 7206. The defendants, who argued that *Minarik* compelled dismissal of Count I, could not agree which specific statute should have been charged under the offense clause. In the motion to dismiss, the defendants claimed that the indictment violated 26 U.S.C. § 7203. In reply to the government's response to that motion, defendant Klein argued that the indictment charged a violation of 26 U.S.C. § 7206(1) and defendant Tompkins argued that it charged a violation of either sections 7203 or 7207. During the hearing, Klein alleged that Count I described a conspiracy to violate sections 7206(1), 7206(2), or 7201.

The defendants could not agree on which statute the conspiracy violated because the conspiracy involved violations of several statutes. As the government explained in its appellate brief:

> The defendants' actions had the potential of violating various substantive statutes, including revenue statutes, in addition to Sections 7206(1) and 7206(2). As part of the conspiracy, defendants failed to file corporate returns for certain businesses, and thus could have violated 26 U.S.C. 7203. The conspirators covered up the skimming and use of funds from

the businesses; combined with the filing of false tax returns, this conduct may have violated 26 U.S.C. 7201. In furtherance of the conspiracy, defendants delivered or disclosed false documents to the Secretary of the Treasury, and could have violated 26 U.S.C. 7207. Defendants also made false statements on documents submitted to the IRS, and such actions could have violated 18 U.S.C. 1001. Clearly, the indictment charged defendants with conspiring to commit affirmative and concerted fraudulent acts that went far beyond simply filing false tax returns, in violation of Section 7206(1) or 7206(2).

Because the conspiracy implicated a variety of statutes, our case is distinguishable from *Minarik* where the court was concerned with honoring Congress' intent in enacting specific statutes:

> The court should require that any conspiracy prosecution charging that conduct be brought under the offense clause in order "to achieve the remedial purposes that Congress had identified," *McNally [v. United States*, 483 U.S. 350, 373, 107 S.Ct. 2875, 2888, 97 L.Ed.2d 292 (1987) (Stevens, J., dissenting)], if it is clear that Congress has specifically considered a given pattern of wrongful conduct and enacted a specific statute with a specific range of penalties to cover it.

*Minarik*, 875 F.2d at 1193. No such risk of undermining Congressional intent existed in the present case where Congress had not enacted one specific statute to cover the charged conduct. Moreover, where the conduct charged violates several statutes, the most complete description of the objective may be a conspiracy to defraud a particular agency of the government.

### 3.

### Technical and Difficult To Discern Duties

Finally, *Minarik* justified its holding by noting that:

> where the duties of a citizen are as technical and difficult to discern as they are when a taxpayer, before levy, engages in otherwise legitimate activities that may make ultimate collection more difficult, we hold that a Congressional statute closely defining those duties takes a conspiracy to avoid them out of the defraud clause and places it in the offense clause.

*Minarik*, 875 F.2d at 1196. The duties involved in *Minarik*, disclosure requirements pre- and post-levy, are not the same duties as those in the present case. Although we are uncertain exactly what the *Minarik* court meant by "technical and difficult to discern" duties, we conclude that the duties here were by no means abstruse or complex. As the government succinctly stated:

> Defendants clearly had a duty not to fail to file returns, not to file false returns, not to submit false statements and information, not to attempt to evade the assessment and payment of taxes, and not to generally conduct their business affairs in such a manner that the IRS would be impeded and impaired in its ascertainment, computation, assessment, and collection of revenue.

We conclude, therefore, that for the reasons discussed, the rule announced in *Minarik* is inapplicable to this case.

### III.

Because the district court erred in holding that our decision in *Minarik* required dismissal of Count I of the indictment, we REVERSE.