89 F.3d 836
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES, Plaintiff-Appellee,
v.
Hal Edward HODGES, Defendant-Appellant.
 No. 95-5403.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1996.
 
 Before: KRUPANSKY, NELSON, and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Hal Edward Hodges ("Ed Hodges"), who was convicted of conspiracy to distribute marijuana and of money laundering, timely appealed his conviction for money laundering and his sentence for the marijuana charge. Specifically, Ed Hodges makes the following charges of error: (1) the lower court was clearly erroneous in determining the amount of marijuana involved because the court relied upon the testimony of a witness that it discredited; (2) the lower court erred in enhancing his sentence based upon obstruction of justice; (3) the indictment for money laundering was facially deficient because it failed to allege that Ed Hodges knew the money he was transferring were the proceeds of felonious activity; and (4) the evidence was insufficient to convict the defendant of money laundering.
 
 
 2
 The amount of drugs chargeable to a defendant for sentencing purposes is a question of fact which is reviewable upon appeal under the clearly erroneous standard. United States v. Clemons, 999 F.2d 154, 157 (6th Cir.1993). The district court's treatment of such a question of fact should not be disturbed unless the appellate court is left with a "definite and firm conviction that a mistake has been committed." United States v. Perez, 871 F.2d 45, 48 (6th Cir.1989), cert. denied 492 U.S. 910 (1989). The defendant argued that only 50 lbs. of marijuana was chargeable to him because, according to defendant, it was only the testimony of Vance Hodge, whom the court discredited, which tied defendant to the rest of the marijuana. This simply does not comport with the record in this case. The court based its decision on all the witnesses in the case, stating, "as I recall the testimony of the various witnesses in this case, I'm convinced that this defendant was probably receiving about 50 lbs. per load." J.App. at 491. Indeed, the government offered many witnesses other than Vance Hodge who indicated that defendant was receiving frequent shipments of at least 50 lbs, including Ernesto Perez, Luis Alejandres and Adam Hall. When a district court is unable to determine the exact amount of drugs attributable to a defendant, it may make a reasonable estimate of such quantities, so long as the estimate is supported by a preponderance of the evidence. United States v. Walton, 908 F.2d 1289, 1302 (6th Cir.1992). In determining the amount of drugs attributable to a defendant, a court should err on the side of caution. United States v. Zimmer, 14 F.3d 286, 290 (6th Cir.1994). In the instant case, the court did just that. The court was not clearly erroneous in attributing 627 kilograms of marijuana to defendant.
 
 
 3
 A district court's determination that a defendant obstructed justice is a factual determination which should be reviewed under the clearly erroneous standard. United States v. Williams, 952 F.2d 1504, 1514 (6th Cir.1991). Also, as stated above, the court's determinations of witness credibility are entitled to due regard on appeal. Here, the court simply credited the testimony of Hardin over the testimony of the store employees and Hodges. The record reveals no reason to disturb the lower court's factual finding.
 
 
 4
 The indictment charged Hodges with money laundering, "... knowing that the funds involved in the financial transaction represented the proceeds of some form of unlawful activity " The money laundering statute requires that the defendant knows that the funds involved represented the proceeds of felonious, not merely illegal, activity. Thus, the defendant argued that the indictment was facially deficient with regard to the money laundering count.
 
 
 5
 An indictment is sufficient if it fairly informs the defendant of the charge against him, so that he may plead acquittal or conviction in bar of future prosecution for the same offence. United States v. Mohney, 949 F.2d 899 (6th Cir.1991); United States v. Martinez, 981 F.2d 867, 868 (6th Cir.1991), cert. denied, 113 S.Ct. 1874 (1993). The introductory paragraph of the money laundering section of the indictment states
 
 
 6
 the named defendants did knowingly and willfully conduct and cause others to conduct a financial transaction affecting interstate commerce, that is, the transfer of funds in the amounts listed below ... by wire transfer through Western Union, which involved the proceeds of a specified unlawful activity, that is, conspiracy to distribute and to possess with intent to distribute marijuana
 
 
 7
 J.App. at 78. Thus, the indictment stated what the underlying "specified unlawful activity" was, and this unlawful activity was indeed a felony. The trial court found that the "indictment adequately advises the [d]efendant what he's charged with, what the proceeds were from, and that they were from felonious activity." J.App. at 405-06. Such notice to the defendant is all that is required under the law. Martinez, 981 F.2d at 868.
 
 
 8
 On appeal from a criminal conviction, the standard of review is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The defendant argued that because one cannot tell where the funds transfered in each wire transfer came from, the jury could not conclude that he had actual subjective knowledge that the proceeds of the transfers were derived from felonious activity. This argument is contradicted by the record, however. Several co-conspirators testified that they were paid for marijuana by defendant via wire transfers. The testimony of these individuals provides enough evidence such that a rational trier of fact could reasonably conclude that defendant wired cash to co-conspirators, knowing that the cash was the proceeds of felonious activity.
 
 
 9
 Accordingly, the conviction and sentence of defendant are AFFIRMED.