**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Walid KHALIFE; Fred Abdenour;
Goldcorp, Inc., Defendants–
Appellees.**

No. 95–1901.

United States Court of Appeals,
Sixth Circuit.

Argued May 9, 1996.

Decided Feb. 14, 1997.

As Corrected March 19, 1997.

David Debold (argued and briefed), Office of the U.S. Attorney, Detroit, MI, for Plaintiff–Appellant.

Robert E. Forrest (briefed), Jeffrey J. Mayer (briefed), Raymond & Prokop, Southfield, MI, Neil H. Fink, David A. Koelzer

(argued), Law Offices of Neil H. Fink, Birmingham, MI, and Mayer Morganroth, Morganroth & Morganroth, Southfield, MI, for Defendants–Appellees.

Before: SILER and BATCHELDER, Circuit Judges; CARR, District Judge.*

SILER, Circuit Judge.

The United States ("the government") appeals the district court's pre-trial dismissal of Count 2 of the second superseding indictment which charged Walid Khalife, Fred Abdenour, and Goldcorp, Inc. (collectively, "the defendants") with conspiring to defraud the United States in violation of 18 U.S.C. § 371. The district court held that the defendants could not be charged with a conspiracy to defraud the United States when the conduct charged is prohibited by a specific statute involving structuring, 31 U.S.C. §§ 5322 and 5324. We reverse.

## I. FACTS

The defendants were involved in a jewelry business that dealt largely in cash. On January 12, 1995, the defendants, along with Rashid Elia, Jamal Khalife, and Khalife Bros., were charged in a twenty-eight count superseding indictment. The various counts in the indictment included conspiracy under § 371, causing the concealment and covering up of material facts, money laundering involving the alleged proceeds of drug trafficking, mail fraud, making and subscribing a false tax return, and firearms violations. On January 12, 1995, the district court dismissed Counts 26 and 28. In February, the defendants and Elia filed a joint motion to dismiss

Counts 1 through 16 and Count 27 pursuant to Federal Rule of Criminal Procedure 12(b). Count 1 charged the defendants with conspiracy to cause the concealment of material facts in violation of 18 U.S.C. §§ 371, 2(b), and 1001. Count 2 charged the defendants with conspiracy to defraud the United States in violation of 18 U.S.C. § 371. Counts 3 through 16 charged the substantive offenses of concealment of material facts in violation of 18 U.S.C. §§ 2(b) and 1001. Count 27 charged Walid Khalife with making and subscribing a false tax return in violation of 26 U.S.C. § 7206(1). A second superseding indictment was subsequently issued.

Based on plea agreements subsequently entered into by the government and the defendants, dismissal of Count 2 was the sole issue before the district court. Walid Khalife and Fred Abdenour agreed to plead guilty to Count 2 but reserved their motion to dismiss that count.[1] Prior to taking the guilty pleas, the district court analyzed both Counts 1 and 2 before dismissing Count 2. Count 1 charged the defendants under the "offense" clause of § 371, while Count 2 charged an offense under the "defraud" clause of § 371. Count 1 alleged that from February 1, 1988 through December 28, 1990, the defendants conspired to cause to be concealed and covered up by scheme, trick, and device material facts in a matter within the jurisdiction of the IRS in violation of 18 U.S.C. §§ 371, 2(b), and 1001.[2] The material facts in question were required to be reported under the structuring statute, 21 U.S.C. § 5313(a). When a domestic financial institution is involved in a currency transaction over $10,000, § 5313(a) compels the institution to file a

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

1. Under the plea agreements, if this court reinstates Count 2, then defendants Walid Khalife and Fred Abdenour will plead guilty to that count in exchange for the dismissal of all other counts. If, however, Count 2 is not reinstated, the government will dismiss all charges against those two defendants. Because defendants Elia and Fadi have pled guilty to different counts and have been sentenced, their appeals have been voluntarily dismissed. Goldcorp and the government have reached a settlement agreement contingent upon the guilty pleas of the other defendants.

2. Section 2(b) provides: "Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." Section 1001 provides in pertinent part: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully ... conceals or covers up by any trick, scheme, or device a material fact ... shall be fined under this title or imprisoned not more than five years, or both."

currency transaction report ("CTR") with the Secretary of the Treasury.

Count 2 alleged that from January 4, 1988 to November 5, 1991, the defendants conspired to defraud the United States and the IRS, pursuant to § 371, by obstructing the governmental function of collecting data and CTRs. Count 2 referenced the overt acts outlined in Count 1 in addition to the defendants' currency deposits in less than $10,000 amounts at three different Michigan banks on the same dates. The alleged overt acts of the conspiracy consisted of hundreds of cash deposits into various Goldcorp bank accounts. During the course of the conspiracy, the defendants deposited $12,044,249 in cash.

The government did not charge the defendants with violations of the anti-structuring laws, 31 U.S.C. §§ 5322 and 5324(3), because it conceded that it could not prove the defendants knew that it was illegal to structure transactions to evade the banks' reporting requirements.[3] However, the government argued that a § 371 conspiracy to defraud the United States did not require proof that the defendants knew their conduct was illegal. The district court agreed with the government and found that such knowledge was not an element of a § 371 conspiracy to defraud. Nevertheless, relying upon *United States v. Minarik*, 875 F.2d 1186 (6th Cir. 1989), the district court dismissed Count 2. It determined that Count 2 was simply a conspiracy to violate a specific statute, either the structuring statute or the false statements statute. Those specific statutes required proof of *Ratzlaf* intent, i.e., the defendants knew they were violating the law. The district court interpreted *Minarik* to preclude the government's use of the "defraud" clause of § 371 where the defendants' conduct violated a specific statute. It concluded that the government should have charged Count 2 under the "offense" clause of § 371, and because the government admittedly could not prove *Ratzlaf* intent, Count 2 could not stand.

---

3. The government could not prove the intent described in *Ratzlaf v. United States*, 510 U.S. 135, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994), which requires proof that the defendant knew his structuring activities were illegal. Since *Ratzlaf*, however, Congress amended the structuring stat-

## II. LAW

In dismissing Count 2, the district court interpreted 18 U.S.C. § 371. The interpretation of a statute is a question of law which this court reviews *de novo*. *United States v. Honaker*, 5 F.3d 160, 161 (6th Cir. 1993) (reviewing *de novo* the dismissal of a charge under § 922(j)), *cert. denied*, 510 U.S. 1180, 114 S.Ct. 1226, 127 L.Ed.2d 571 (1994). To determine the meaning of a statute, this court looks to the text and legislative history of the law. *Id.* ("If, after reference to the language, structure and legislative history of a statute, the intended scope of the statute remains ambiguous, the rule of lenity will apply.") (citations omitted).

### A. Mens rea under a § 371 conspiracy to defraud

The district court first analyzed the intent element of a conspiracy to defraud under § 371 which provides:

§ 371. **Conspiracy to commit offense or to defraud United States**

If two or more persons conspire either to commit any offense against the United States ["offense" clause], or to defraud the United States, or any agency thereof in any manner or for any purpose ["defraud" clause], and one or more such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

The defendants argue, as they did before the district court, that the *Ratzlaf* intent requirement applies to a § 371 conspiracy to defraud based upon structuring activities. They cite *United States v. Curran*, 20 F.3d 560, 571 (3d Cir.1994), and *United States v. Alston*, 77 F.3d 713, 718 (3d Cir.1996), for the specific proposition that a § 371 conspiracy to defraud requires proof of the same intent as the substantive charge connected to the conduct. In response, the government cites

ute, 31 U.S.C. § 5322, to obviate the need to prove that a defendant knew his structuring activities were illegal. *See also* 31 U.S.C. § 5324. The conduct charged in the indictment occurred prior to the time the statute was amended.

*United States v. Jackson,* 33 F.3d 866, 871–72 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1316, 131 L.Ed.2d 197 (1995), which held that a § 371 conspiracy to defraud did not require proof that the defendant violated the anti-structuring laws: "[T]he 'overall scheme to circumvent the currency reporting laws and to prevent the IRS from collecting accurate data, reports and income taxes supports a conspiracy conviction regardless of the absence of substantive currency law violations.'" *Id.* at 871 (quoting *United States v. Bucey,* 876 F.2d 1297, 1313 (7th Cir.1989)).

▇ In *Jackson,* the defendants conspired to defraud the United States by impeding the lawful functions of the IRS. *Id.* at 867. The *Jackson* court acknowledged that the *Ratzlaf* decision involved the interpretation of the term, "willfully," found in 31 U.S.C. § 5322(a). Because § 371 contained no language connoting "willfully," the *Jackson* court held that *Ratzlaf* intent was not an element of a § 371 conspiracy to defraud. *Id.* at 871. The *Jackson* court then set forth the elements of a § 371 conspiracy to defraud including the proper mens rea:

> (1) an agreement to accomplish an illegal objective against the United States;
>
> (2) one or more overt acts in furtherance of the illegal purpose; and
>
> (3) the intent to commit the substantive offense, i.e., to defraud the United States.

*Id.* at 872. Ultimately, the *Jackson* court held:

> A conviction under § 371, therefore, does not require that the government prove a violation of a separate substantive statute. *Id.* at 1312; *accord United States v. Caldwell,* 989 F.2d 1056, 1059 (9th Cir.1993) (stating that under § 371 "[n]either the conspiracy's goal nor the means used to achieve it need to be independently illegal"); *United States v. Rosengarten,* 857 F.2d 76, 78 (2d Cir.1988) (stating that "section 371's ban on conspiracies to defraud need not involve the violation of a separate statute"), *cert. denied,* 488 U.S. 1011, 109 S.Ct. 799, 102 L.Ed.2d 790 (1989).

*Id.* at 870. The *Jackson* court's holding is logical because there is no "substantive" offense underlying a § 371 conspiracy to defraud. Thus, it is unnecessary to refer to any substantive offense when charging a § 371 conspiracy to defraud, and it is also unnecessary to prove the elements of a related substantive offense. Agreeing with the government and noting the *Jackson* decision, the district court stated:

> While this Court agrees with the *Curran* holding that the *Ratzlaf* intent requirement, i.e. knowledge that the conduct was unlawful, must be proven for a conviction under 18 U.S.C. §§ 2(b) and 1001, the Court does not agree that such intent must be proven to establish guilt under the "defraud" clause of 18 U.S.C. § 371.... Therefore, *if* it is legally permissible to charge defendants under the "defraud" clause of 18 U.S.C. § 371, the government need not prove that defendants knew that their conduct was illegal.

▇ The government presents the better argument, which is also in harmony with this court's holding in *United States v. Collins,* 78 F.3d 1021 (6th Cir.1996). In *Collins,* this court held as follows in the context of a § 371 conspiracy to defraud the IRS: "The intent element of § 371 **does not require the government to prove that the conspirators were aware of the criminality of their objective,** but it does require the government to show that they knew of the liability for federal taxes." *Id.* at 1038 (emphasis added) (citation omitted); *accord United States v. Brown,* 31 F.3d 484, 489 n. 5 (7th Cir.1994). *Contra Alston,* 77 F.3d at 718 (requiring "that a conviction to defraud the United States by pre–1994 structuring must also be supported by proof that the defendant knew that structuring was illegal"). Thus, under *Collins,* the district court and the government are correct in concluding that *Ratzlaf* intent does not apply to a § 371 conspiracy to defraud.

**B. The propriety of charging Count 2 under the "defraud" clause of § 371**

▇ The defendants cite *United States v. Minarik,* 875 F.2d 1186 (6th Cir.1989), for the proposition that they can only be charged under the "offense" clause of § 371 because their conduct is covered by a specific offense

defined by Congress, namely the structuring laws. *Id.* at 1194 ("Only by treating conspiracies to commit specific offenses (which are also arguably general frauds) exclusively under the offense clause of § 371 can multiple convictions and unnecessary confusion be avoided."). The *Minarik* court, however, addressed a scenario with three distinguishing characteristics. First, there was a great deal of confusion resulting from the government's shifting theories of prosecution and failure to clearly define the intent element in the indictment. *Id.* at 1194–95. The one-count indictment in *Minarik* vaguely charged the defendants with conspiring "to defraud the United States by impeding, impairing, obstructing and defeating the lawful functions ·of the Department of the Treasury." *Id.* at 1188. The confusion in *Minarik* is absent in the present case.

Second, the *Minarik* defendants' conduct consisted of one limited act of concealing the proceeds of a real estate transaction to prevent a levy upon the proceeds by the IRS. *Id.* at 1194–95. The breadth of the activity was not commensurate with the *Minarik* court's conception of a general conspiracy to defraud. In this case, the activity of the defendants is much broader in terms of temporal duration, number of events, and variety of crimes implicated.[4]

Third, the *Minarik* defendants' duties were sufficiently technical to warrant more specific notice:

> But where the duties of a citizen are as technical and difficult to discern as they are when a taxpayer, before levy, engages in otherwise legitimate activities that may make ultimate collection more difficult, we hold that a Congressional statute closely defining those duties takes a conspiracy to avoid them out of the defraud clause and places it in the offense clause.

*Id.* at 1196. Because the duties in this case are not as technical as those in *Minarik* and because the present defendants received spe-

cific notice of the crimes charged, *Minarik* is inapposite.

Dicta in *Minarik* implies that the two clauses within § 371 are nevertheless mutually exclusive: "the Government's handling of this case, graphically illustrates the confusion generated if the offense clause and the defraud clause are treated as overlapping rather than mutually exclusive." *Id.* at 1194. Since *Minarik*, however, this court has limited the expansive language intimating that the offense and defraud clauses are mutually exclusive: "*Minarik* did not require that all prosecutors charge all conspiracies to violate a specific statute under the offense clause of section 371." *United States v. Mohney*, 949 F.2d 899, 902 (6th Cir.1991). The *Mohney* court cited language in *Minarik* which indicated that *Minarik*'s holding was strictly limited to its facts. *Id.* (citing *Minarik*, 875 F.2d at 1187, 1194); *accord United States v. Goulding*, 26 F.3d 656, 663 (7th Cir.), *cert. denied*, 513 U.S. 1061, 115 S.Ct. 673, 130 L.Ed.2d 605 (1994); *United States v. Hurley*, 957 F.2d 1, 3 (1st Cir.), *cert. denied*, 506 U.S. 817, 113 S.Ct. 60, 121 L.Ed.2d 28 (1992); *United States v. Harmas*, 974 F.2d 1262, 1267 (11th Cir.1992). The *Mohney* panel then distinguished *Minarik* in several respects. Unlike the confusion extant in the indictment and prosecution theories in *Minarik*, the *Mohney* court noted that the defendants were clearly apprised of the charges against them. *Mohney*, 949 F.2d at 904; *see also Hurley*, 957 F.2d at 3 (noting that primary problem in *Minarik* was caused by confusion from shifting theories of prosecution); *accord Goulding*, 26 F.3d at 663; *United States v. Arch Trading Co.*, 987 F.2d 1087, 1092 (4th Cir.1993); *United States v. Bilzerian*, 926 F.2d 1285, 1301 (2d Cir.), *cert. denied*, 502 U.S. 813, 112 S.Ct. 63, 116 L.Ed.2d 39 (1991). The indictment in *Mohney* not only charged the defendants with conspiring "to defraud the United States of America by impeding, impairing, obstructing, and defeating the lawful governmental func-

---

4. According to the indictment, the defendants' activity was far broader than an isolated incident of structuring. In fact, the·conspiracy allegedly lasted several years, included seven defendants, involved myriad acts and transactions, resulted in the deposit of millions of dollars in different banks, and implicated several crimes including mail fraud, money laundering, making and subscribing a false tax return, conspiracy to use a false writing, concealing and covering up material facts, and firearms violations.

tions of the Internal Revenue Service," but also "tracked the language of section 371, named the agency impeded and explained how, and by whom, the agency was impeded, and clearly charged a violation of the defraud clause of section 371." *Mohney,* 949 F.2d at 904.

The *Mohney* court next distinguished the breadth of the conduct in *Minarik:* "Although the charges in *Minarik* had been brought under the broad scope of the defraud clause, they amounted to a violation of one specific statute, 26 U.S.C. § 7206(4)." *Id.* The court concluded: "Because the conspiracy implicated a variety of statutes, our case is distinguishable from *Minarik* where the court was concerned with honoring Congress' intent in enacting specific statutes...." *Id.* at 905; *accord Alexander v. Thornburgh,* 943 F.2d 825, 830–31 (8th Cir. 1991) (distinguishing *Minarik* because defendant's conduct was "long-spanning, far-reaching, and involve[d] many activities and events"), *vacated on other grounds,* 509 U.S. 544, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993). Finally, the *Mohney* court held that the defendants' duties to file tax returns and not to file false returns were not "technical and difficult to discern" like those duties described in *Minarik.* Based on these three distinctions, the *Mohney* decision reversed the district court's dismissal of the conspiracy to defraud count. *Mohney,* 949 F.2d at 904–05.

Similarly, *United States v. Sturman,* 951 F.2d 1466 (6th Cir.1991), *cert. denied,* 504 U.S. 985, 112 S.Ct. 2964, 119 L.Ed.2d 586 (1992), noted that "[t]he broad nature of the conspiracy, and the associated violation of several statutes, distinguishes this case from *Minarik.*" *Id.* at 1474. The *Sturman* court stated that, unlike *Minarik,* the defendants were adequately informed of the charges against them. *Id.* The indictment in *Sturman* charged the defendants with conspiracy:

to defraud the United States of America by hampering, hindering, impeding, impairing, obstructing and defeating the lawful Governmental functions of the Internal Revenue Service of the Treasury Department of the United States in the ascertainment, computation, assessment and collec-

tion of income taxes [in violation of 18 U.S.C. § 371.]

*Id.* at 1472. Addressing the nature of the charge and the evidence presented, the *Sturman* court concluded:

The conspiracy alleged and proven here was broader than a violation of a specific statute.

\* \* \*

This Court, in *Minarik,* noted that the holding in the case referred to the offense and defraud clauses "as applied to the facts in this case." 875 F.2d at 1187. The facts in *Minarik* and this case are distinguishable. Reuben Sturman set up a complex system of foreign and domestic organizations, transactions among the corporations, and foreign bank accounts to prevent the IRS from performing its auditing and assessment functions. Evidence shows that he committed a wide variety of income tax violations and engaged in numerous acts to conceal income. This large conspiracy involved many events which were intended to make the IRS impotent.

*Id.* at 1473; *see also Hurley,* 957 F.2d at 1; *United States v. Notch,* 939 F.2d 895, 901 (10th Cir.1991) ("The object of the conspiracy went beyond filing false tax returns; it was to conceal taxable income in order to prevent the IRS from accurately ascertaining and collecting income taxes."). Distinguishing *Minarik,* the *Sturman* court held that the defendants were properly charged under the defraud clause of § 371. *Sturman,* 951 F.2d at 1474.

■ The notice to the defendants also distinguishes this case from *Minarik.* Considering the lucidity of the indictment, the defendants cannot maintain that they did not receive notice of the nature of the charges. There was no confusion nor prosecutorial vacillation in this case. As the district court noted, there was no change in the government's theory of prosecution. Thus, the defendants were certainly apprised of the nature of the charges against them. *See Mohney,* 949 F.2d at 904.

**1306**

Finally, the defendants' duty not to conceal transactions over $10,000 from the IRS does not seem to be as "technical and difficult to discern" as the precise timing of the defendant's duty in *Minarik*, 875 F.2d at 1195 (noting that, under Internal Revenue Code provision, duty of non-concealment arises only at time of notice of assessment for back tax). Because the *Minarik* requirement of mutual exclusivity is dicta, and because we have subsequently confined *Minarik* to its facts, we conclude that the law in this circuit does not require, in circumstances such as these, that the conspiracy be charged only under the "offense" clause of § 371. Therefore, we **AFFIRM** the district court's determination that *Ratzlaf* intent does not apply to a § 371 conspiracy to defraud, but we **REVERSE** the dismissal of Count 2 and **REMAND** this case to the district court for further proceedings consistent with this decision.