**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles H. SCHAFFNER,
Defendant-Appellant.**

**No. 84–5696.**

United States Court of Appeals,
Sixth Circuit.

Decided Aug. 27, 1985.

Submitted July 10, 1985.

Robert P. Gettys, Covington, Ky., for defendant-appellant.

Louis DeFalaise, U.S. Atty., James E. Arehart, Lexington, Ky., David J. Kline, Gen. Litigation and Legal Advice Section-Crim. Div., Washington, D.C., for plaintiff-appellee.

Before LIVELY, Chief Judge, CONTIE, Circuit Judge, and PECK, Senior Circuit Judge.

JOHN W. PECK, Senior Circuit Judge.

Appellant Charles Schaffner, a former Covington, Kentucky attorney, appeals from a jury conviction for obstruction of justice, in violation of 18 U.S.C. § 1503. On appeal, Schaffner raises two issues: (1) that the district court erred in not dismissing the 18 U.S.C. § 1503 charge as multiplicitous; and (2) that the district court abused its discretion by admitting evidence of another crime for which Schaffner had been acquitted by a jury in state court. For the reasons set forth below, we reverse the conviction and remand for a new trial.

Schaffner had defended Victor Scharstein in a criminal trial in October 1981 in the United States District for the Eastern District of Kentucky. Michael McVey was an employee of Scharstein's whom the government expected to testify in the Scharstein trial. Shortly before the trial, the government attempted unsuccessfully to locate McVey to serve him with a subpoena. Scharstein, however, was convicted without McVey's testimony. Schaffner

was indicted in August 1982 for violation of 18 U.S.C. § 1503,[1] a felony offense. Count I alleged that Schaffner endeavored to "influence, intimidate and impede Michael D. McVey, a potential witness in the case of *United States v. Scharstein* ... in the discharge of his duty as such witness, by causing, counseling, inducing and procuring the said witness to avoid being located by the United States of America...." Count II charged that Schaffner endeavored to "influence, obstruct and impede the due administration of justice in that [Schaffner], knowing that the United States of America was seeking the presence of and trying to locate one Michael D. McVey to be a witness ..., did cause, urge, advise, and persuade the said Michael D. McVey to hide out and avoid testifying for the United States of America."

Pursuant to a district court order requiring the United States to elect between the two counts of the indictment or to effect a merger of them, the government dropped Count I of the indictment. Subsequently, the government charged Schaffner with violating 18 U.S.C. § 1501,[2] a misdemeanor charge, by knowingly and willfully obstructing "officers of the United States in serving and attempting to serve and execute ... a subpoena...." The district court then ordered dismissal of the § 1503 obstruction of justice charge, holding that the government was obliged to prosecute Schaffner under § 1501 rather than § 1503 because § 1501 more specifically fit the facts alleged in the indictment. The government then appealed the dismissal of the § 1503 charge. Subsequently, the government and Schaffner entered into a pretrial diversion agreement on the misdemeanor charge whereby the information would be dismissed after one year if Schaffner complied with the terms of the agreement. This court then vacated the judgment of the district court dismissing the § 1503 charge and remanded the case to the district court for further proceedings.

In January 1984, the United States moved to dismiss the information charging violation of § 1501, on the basis of Schaffner's satisfactory completion of the pretrial diversion agreement. The district court sustained the motion. Schaffner then moved to dismiss the § 1503 indictment on the basis of multiplicity of counts, and on the grounds of double jeopardy, res judicata, and collateral estoppel. The district court denied the motion and the case proceeded to trial on the § 1503 obstruction of justice charge.

During the trial, the district court allowed the introduction of evidence that Schaffner had been tried in state court in November 1982 on destruction of evidence charges. Through the testimony of Victor Scharstein, the government introduced evidence that the 1982 state indictment charged that Schaffner, acting as defense counsel, had brought about the destruction of evidence in connection with the Kentucky murder trial of Gary Parrott, who was accused of strangling and decapitating

1. As was noted in the first appeal of the present case before this court, *United States v. Schaffner*, 715 F.2d 1099, 1100, n. 2 (6th Cir.1983):
   Title 18 U.S.C. § 1503, as effective at the time of indictment specifically made it illegal to influence, intimidate or impede any witness, juror or judicial officer in connection with any judicial proceeding in the federal courts. Section 1503 also contains a broad omnibus clause which makes illegal any actions whereby a person who "corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

   Section 1503 was amended effective October 1982 but those amendments did not alter the omnibus clause.

2. Title 18 U.S.C. § 1501 provides in relevant part:
   Assault on process server
   Whoever knowingly and willfully obstructs, resists, or opposes any officer of the United States, or other person duly authorized, in serving, or attempting to serve or execute, any legal or judicial writ or process of any court of the United States ... [s]hall, except as otherwise provided by law, be fined not more than $300 or imprisoned not more than one year, or both.

his pregnant girlfriend. Schaffner was acquitted by a jury on the state destruction of evidence charges.

## I.

■ Schaffner argues that the pretrial diversion agreement concerning his violation of § 1501 and his subsequent trial for a violation of § 1503 were multiplicitous and violated the rules of double jeopardy, res judicata and collateral estoppel.

In *United States v. Gullett*, 713 F.2d 1203, 1211–12 (6th Cir.1983), *cert. denied*, ―― U.S. ――, 104 S.Ct. 973, 79 L.Ed.2d 211 (1984), this court stated:

> Multiplicity is the charging of a single offense in several counts of the indictment. *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir.), *cert. denied*, 454 U.S. 875, 102 S.Ct. 351, 70 L.Ed.2d 183 (1981). A mutiplicious [sic] indictment raises the specter of multiple punishment for a single offense, and can prejudice the jury by suggesting that more than one crime was committed. *United States v. Sue*, 586 F.2d 70, 71–72 (8th Cir.1978).

The indictment upon which Schaffner was tried charged him with only one count, violation of § 1503. At the time of trial, the § 1501 charge which was the subject of the pretrial agreement had already been dismissed with prejudice. Thus, Schaffner's multiplicity argument must fail because he was not prosecuted under both § 1501 and § 1503, but was prosecuted for a single offense in a one-count indictment. This conclusion is consistent with our prior decision in this case. The court, in finding that the multiplicity question was not properly before it at the time, commented:

> We believe that the issue should be addressed in the first instance by the district court. It may well be that no multiplicity problem will arise on remand. If the defendant complies with the terms of the pre-trial diversion agreement, the United States will be precluded from prosecuting under 18 U.S.C. § 1501. Even if the defendant does not comply with the agreement, the government may still decide not to prosecute. In that case, no multiplicity problem will exist.

*United States v. Schaffner*, 715 F.2d at 1102.

Because Schaffner was not tried on the § 1501 misdemeanor charge, he was placed in jeopardy only once, at the trial on the § 1503 charge. Similarly, because he was never found guilty of violating § 1501, the subsequent trial on the § 1503 charge was not barred by res judicata or collateral estoppel.

■ An underlying premise of Schaffner's double jeopardy, res judicata and collateral estoppel arguments is that the two charges constitute the same offense. Our analysis of §§ 1501 and 1503, however, leads us to conclude that each requires proof of a separate element. Section 1501, as it applies in this case, requires proof that the defendant knowingly and willingly hindered the service of process. Section 1503, on the other hand, requires proof that the defendant intended to influence, intimidate or impede any witness in connection with any judicial proceeding in the federal courts. Under *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the test for whether the Fifth Amendment double jeopardy clause permits prosecution for two or more crimes arising out of the same transaction is whether each crime requires proof of a fact which the other does not. Thus, because § 1501 requires proof that Schaffner hindered the service of process upon McVey, and § 1503 requires proof that Schaffner acted with the intent to obstruct the due administration of justice, the offenses charged each required proof of a separate element and are therefore separate criminal offenses under the *Blockburger* analysis.

## II.

Next, Schaffner contends that the district court abused its discretion in admitting the testimony of Victor Scharstein regarding Schaffner's previous state trial on destruction of evidence charges. Schaffner contends that the testimony was highly

prejudicial in that it painted a picture of extensive participation by him in the destruction of the murder weapon and other evidence tending to implicate his client (Parrott) in a gruesome murder which involved strangulation and decapitation of the victim.

At the completion of Scharstein's testimony concerning Schaffner's alleged acts in regard to the Parrott murder trial, the district court cautioned the jury:

> But you must not consider this evidence as proof that defendant, Charles Schaffner, committed the acts that he's charged with in this indictment. It is only given to prove the defendant's state of mind or that he acted with the necessary intent and not through accident or mistake. But you cannot consider this evidence at all unless you first find beyond a reasonable doubt that the defendant did the acts charged in the indictment.

Thus, the district court apparently ruled that the disputed "other crimes" evidence was admissible under Fed.R.Evid. 404(b). Rule 404(b) provides:

> *Other crimes, wrongs or acts.* Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

The government argues that Schaffner's intent in dealing with Michael McVey was a major issue at trial because the evidence established that Schaffner had associated with McVey during the Scharstein trial. Thus, the government urges, the "other crimes" testimony was properly admitted as evidence of intent. The government submits that in reaching the decision to admit the "other crimes" evidence the district court first determined that the evidence was admissible for a proper purpose under Fed.R.Evid. 404(b), then concluded

that under Fed.R.Evid. 403 the probative value of the "other crimes" evidence outweighed its prejudicial effect. Further, the government asserts that because Scharstein did not give a detailed description of the murder itself, the "other crimes" evidence was not improper or inflammatory.

■ Although intent was an element of the § 1503 charge, Schaffner did not assert a lack of intent as part of his defense. The trial court stated in its cautionary instruction that the evidence was admissible only to prove that Schaffner "acted with the necessary intent and not through accident or mistake;" whether Schaffner had acted inadvertently or through accident or mistake was never an issue at trial. Rather, Schaffner denied the allegations that he had counseled McVey to hide and he attacked the credibility of the prosecution witnesses. As this court stated in *United States v. Ring,* 513 F.2d 1001, 1009 (6th Cir.1975): "But intent is not in issue when evidence of intent is inferable if the proscribed act is proven and defendant does not claim mistake or inadvertence." Citing *United States v. Ring,* the court stated in *United States v. Johnson,* 697 F.2d 735, 738–39 (6th Cir.1983):

> [t]he mere fact that intent is a formal element of the government's case does not, in all circumstances, justify admission of prior act evidence. For example, we have held that where intent is a formal element of the government's case, but criminal intent can properly be inferred from the commission of the act itself, Rule 404(b)'s intent exception may not justify admission of the prior act evidence.

An intent to violate § 1503 can be "inferred from the commission of the act itself" where the act involved counseling a witness to hide during trial. Thus, we hold that evidence of Schaffner's conduct in relation to the Parrott trial was not admissible for any proper purpose under Rule 404(b).[3] "We reach our decision not be-

---

**3.** Schaffner also raises the issue of unfair surprise in the introduction of testimony regarding the destruction of evidence charges. Schaffner alleges that the United States Attorney agreed in pretrial conferences not to attempt to introduce such evidence. Although this claim appears to

cause the trial court abused its discretion in weighing relevancy and prejudice but because the exceptions relied upon by the government are inapplicable." *United States v. Ring*, at 1009.

We do not think that the cautionary instruction rendered the admission of the "other crimes" evidence harmless. Scharstein's lengthy testimony not only described Schaffner's alleged involvement in the Parrott murder case, but also revealed that the victim had been strangled and a pocket knife had been used in an attempt to decapitate her. We further conclude that admission of the testimony in question was not harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Accordingly, the conviction is reversed and the case is remanded with instructions to grant Schaffner a new trial.

be unsupported by the record, we need not address this issue in light of our holding that the evidence was inadmissible under Fed.R.Evid. 404(b).