UNITED STATES of America,
Plaintiff–Appellant,

v.

Vincent A. GIANNATTASIO, M.D. and Vincent A. Giannattasio, M.D., S.C.,
Defendants–Appellees.

Nos. 91–2814, 91–2926.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 21, 1992.

Decided Nov. 2, 1992.

James L. Santelle, Asst. U.S. Atty. (argued), John E. Fryatt, U.S. Atty., Chris R. Larsen, Asst. U.S. Atty., Charles Guadagnino, Office of U.S. Atty., Milwaukee, Wis., for plaintiff-appellant.

Gerald P. Boyle, Scott E. Hansen (argued), Milwaukee, Wis., for defendants-appellees.

Before POSNER and MANION, Circuit Judges, and VAN SICKLE, Senior District Judge.*

POSNER, Circuit Judge.

Dr. Giannattasio (and his professional corporation, which we'll ignore) were indicted on fifteen counts of Medicare fraud, all involving allegedly fraudulent claims submitted in 1987 for payment for psychiatric

* Hon. Bruce M. Van Sickle of the District of     North Dakota, sitting by designation.

services rendered to schizophrenic residents of nursing homes. At a pretrial conference the prosecutor indicated that he would be filing a motion under Fed.R.Evid. 404(b) for permission to present evidence of fifteen to twenty prior, unindicted, bad acts of Dr. Giannattasio, in order to demonstrate that the false claims that were the subject of the indictment had been deliberately and not merely mistakenly false. In response, the judge said that he had only a week in which to hear the case and suggested that the prosecutor, far from presenting evidence of other bad acts, should confine the presentation of evidence to six of the fifteen counts. The prosecutor nevertheless filed his motion under Rule 404(b). The judge not only denied the motion but directed the prosecutor to select five (not six, as before) counts for prosecution and move to dismiss the rest without prejudice. The judge explained that the government would get the same benefit from five convictions as from fifteen; anyway the other ten counts could always be prosecuted later if they were dismissed without prejudice.

■ When the case was called for trial, the prosecutor refused to proceed on the basis of five counts. So the judge dismissed the entire indictment with prejudice, precipitating this appeal by the government under 18 U.S.C. § 3731. Since it was to be a bench trial, and no witnesses were called before the case was dismissed, the appeal does not place the defendant in double jeopardy. *Serfass v. United States*, 420 U.S. 377, 388–89, 95 S.Ct. 1055, 1062–63, 43 L.Ed.2d 265 (1975); *Camden v. Circuit Court*, 892 F.2d 610, 611 n. 1 (7th Cir.1989).

■ Although a district judge is empowered to dismiss a federal criminal prosecution for failure to prosecute, Fed. R.Crim.P. 48(b); *United States v. Hattrup*, 763 F.2d 376 (9th Cir.1985), such a dismissal is, of course, improper if the failure was caused by an improper ruling by the judge himself. As it was here. Every count in a properly drafted indictment is a different crime. A judge in our system does not have the authority to tell prosecutors which crimes to prosecute or when to prosecute them. Prosecutorial discretion resides in the executive, not in the judicial branch,

and that discretion, though subject of course to judicial review to protect constitutional rights, is not reviewable for a simple abuse of discretion. *Wayte v. United States*, 470 U.S. 598, 607–08, 105 S.Ct. 1524, 1530–31, 84 L.Ed.2d 547 (1985); *United States v. Schwartz*, 787 F.2d 257, 266–67 (7th Cir.1986); *United States v. Podolsky*, 798 F.2d 177, 181 (7th Cir.1986). This principle is most often invoked when the issue is whom to prosecute, as in *Wayte v. United States, supra; Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 505, 7 L.Ed.2d 446 (1962), and *United States Labor Party v. Oremus*, 619 F.2d 683, 690–91 (7th Cir. 1980), but it has equal force when the issue is which crimes of a given criminal to prosecute. *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978); *United States v. Goodwin*, 457 U.S. 368, 382, 102 S.Ct. 2485, 2493, 73 L.Ed.2d 74 (1982); *United States v. Smith*, 953 F.2d 1060, 1064 (7th Cir.1992). If Dr. Giannattasio committed fifteen Medicare frauds, a judge cannot tell the Justice Department to prosecute him for only five of the frauds, or to prosecute him for five now and the rest later, if necessary. Of course there are judicially enforceable checks on discretion to indict. But they are protections for defendants, not for judges. Of particular relevance here, a defendant can seek severance for trial of offenses charged in the indictment, if trying them together would prejudice his defense. Fed. R.Crim.P. 14. The same rule permits the government to ask for severance if it would be prejudiced by a joint trial. Neither party moved for severance. No rule authorizes the judge to sever offenses in an indictment because he believes that a trial of all the counts charged would clog his docket without yielding any offsetting benefit in the form of a greater likelihood of conviction or a more severe punishment.

■ We may assume that the judiciary has some inherent power to protect itself from cases of overwhelming complexity. The traditional inherent powers of the judiciary, such as the contempt power, *United States v. Hudson and Goodwin*, 11 U.S. (7 Cranch) 32, 34, 3 L.Ed. 259 (1812); *Chambers v. NASCO, Inc.*, ── U.S. ──, ──, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991),

are rooted in considerations of institutional self-defense. So we suppose that in the *exceedingly* unlikely event that the Department of Justice, hoping to paralyze the federal-court system, filed a one-million count indictment to which the defendant had no ground to object, the court in which it was filed could insist that the government cut the indictment down to manageable size, on pain of dismissal. No remotely similar case has been drawn to our attention. This case is not remotely similar. Plenty of federal criminal trials last more than a week. They do not threaten the survival of the federal judiciary.

The district judge exceeded his authority in insisting that the government sever the indictment for trial, and his order of dismissal must therefore be reversed. Although the government asks us also to reverse his order denying its Rule 404(b) motion, that order was so entwined with the judge's insistence on the government's confining its case to five counts that we think the better course is to vacate the denial of the motion with instructions that the judge reconsider it in light of our reversal of the dismissal of the indictment.

REVERSED.