UNITED STATES of America, Appellant,

v.

David WALSH, Defendant, Appellee.

In re UNITED STATES of America, Petitioner.

Nos. 93–1083, 93–1328.

United States Court of Appeals, First Circuit.

Heard Sept. 10, 1993.

Decided Oct. 27, 1993.

---

Ira Belkin, Asst. U.S. Atty., with whom Margaret E. Curran, Asst. U.S. Atty., and Lincoln C. Almond, U.S. Atty., Providence, RI, were on brief for appellant.

Susan M. Carlin, with whom Stephen R. Famiglietti and Famiglietti & Carlin, Ltd., Providence, RI, were on brief for defendant, appellee.

Before STAHL, Circuit Judge, ALDRICH and CAMPBELL, Senior Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

This case presents, in the words of the district court, an issue of "very first impression under the guidelines." We believe the court correct as to uniqueness, but we would not limit this description to the guidelines. Having initiated the vacation of a negotiated plea at the time of sentencing, the court nevertheless left defendant with the benefit of his bargain, viz., free from all related charges, an immunity the government had granted as consideration for the plea. We concur in the government's unhappiness at this one way street.

Defendant, an officer of a mortgage company, allegedly endorsed a sizeable check so as to enable the company to receive its proceeds instead of paying off a customer's mortgage. The government investigated the possibility of mail fraud and other felonies, but, before seeking an indictment, discussed the matter with defendant's counsel. In due course a plea agreement in customary form was worked out and executed. Basically, defendant consented to an information charging aiding and abetting bank fraud being filed to which he would plead guilty, and waived any right to withdraw his plea, once entered; the government, in return, would recommend a low sentence, and would not institute any additional charges for defendant's "previously disclosed criminal conduct at Medcon Mortgage Corp." In due course, after a comprehensive examination of defendant (16 pages of transcript that presented no problems), the court accepted the plea. Sentencing was twice deferred. When the time came, the court announced that it had read the pre-sentence report, and that on defendant's interpretation of the facts he was not guilty, and it would vacate the plea. The government protested, saying that its interpretation differed, but the court was adamant. It is common ground that there was no bad faith in connection with the plea agreement, or any defect or deficiency in the acceptance of the plea. Defendant, however, accepted the court's suggestion and moved to vacate his plea. The court did so.

Whether this was unique—we will not question the court's right to vacate a plea—the procedure and outcome were entirely so. Upon the government's stating that on the vacation of the plea it would not be prepared for trial on the information, and that it wanted to go back to square one and consider presenting the other matters to a grand jury, the court responded that this would not be fair to the defendant. It concluded by ordering the information dismissed with prejudice.[1] The government appeals, and, as a precaution, also seeks mandamus.

The court opened the hearing saying that it understood the government did not want to stay "in the position where you end, but advancing that position somewhat in terms of possibly making more charges against the defendant." The government replied that if

---

1. We note in passing that the government at one point said it would move to dismiss with prejudice, but on timely recognizing that this would be a procedural—and substantive—mistake, did not do so, but sought dismissal without prejudice. The proceedings were ultimately conducted on this later basis. Defendant's brief wastes time arguing the initial non-event.

the defendant's undertaking was off, so should be the government's. The court, evidently troubled,[2] responded that because of what it, the court, had done, the defendant may be facing other charges "in spite of the government's prior agreement with him." To the government's statement,

> All we're asking is that the Court allow the government to go back to the position it was in before it filed the information in reliance upon the agreement.

the court said,

> The government made a bargain. The defendant made a bargain. They're going to carry it out.

On analysis "they" meant the government.

■■ The court's reasoning appears to be that since it was the court's fault that defendant was in a predicament defendant should not suffer; hence the government must. We do not agree. In the first place, it was not, strictly, the court's fault. Although the court prompted (to use defendant's term) him, it was defendant who moved to withdraw his plea, in violation of his agreement.[3] He made no attempt to do otherwise. He could have. A court may accept a plea even when the defendant denies his guilt but thinks the plea would be to his advantage. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). But quite apart from this, there was no reason why the government, whose actions had been above-board in every respect, should suffer.

The government is rightly apprehensive that the court has established a flaw in the whole plea agreement process. Make a routine, fair, agreement under which both parties give up rights; have it approved by the court and a plea entered after an extensive hearing and, suddenly, at the sentencing hearing, the court volunteers doubts as to defendant's guilt and releases defendant's obligation, but retains the government's. Even as to the single charge in the information the government is subject to the Speedy Trial restrictions that would not have commenced had it not, based on defendant's agreement, filed the information.

■ A plea agreement is a contract, and if the defendant violates it the government is no longer bound. *United States v. Gonzalez–Sanchez,* 825 F.2d 572, 578 (1st Cir.), *cert. denied sub nom., Latorre v. United States,* 484 U.S. 989, 108 S.Ct. 510, 98 L.Ed.2d 508 (1987). Nor should a court choose to terminate it on behalf of the defendant and yet preserve the government's obligation. We can scarcely accept defendant's claim that the government, in asking for its release, was guilty of an "unjustified procedural maneuver" amounting to "prosecutorial harassment."

The court placed the government in a further difficulty. If it accepted the court's alternative from dismissal with prejudice by proceeding to try the information and lost, there could have been a danger of double jeopardy as to the other related offenses. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). On the other hand, while there appears to be no law on the point, dismissal with prejudice might raise questions of double jeopardy or *res judicata. See United States v. Schaffner,* 771 F.2d 149, 152 (6th Cir.1985).

Defendant now contends that the government might have tested the court's statement that it was bound not to do so, by instituting grand jury proceedings and obtaining an indictment. This would have involved many resources, and, at a minimum, in view of the court's pronouncement, serious criticism and a risk of sanctions. The suggestion scarcely fits defendant's lament below that not to dismiss with prejudice "unfairly prolongs the life of the cloud under which defendant and his family have existed." Manifestly defendant's present contention would have greatly prolonged that cloud.

We have left jurisdiction to the last because it, in turn, may depend upon the answers to the questions we have already presented. The government can appeal criminal dismissals under 18 U.S.C. § 3731 when they are "inextricably intertwined" with a prior

---

**2.** "I must say the defendant certainly must be wondering how this could happen when he's done nothing to precipitate it. It's what I've done that put the defendant in this predicament."

**3.** "6. Defendant DAVID WALSH waives any right that he may have to withdraw his plea to the Information once entered."

order. *E.g., United States v. Tane,* 329 F.2d 848, 851–52 (2d Cir.1964). Defendant insists there is not such a relationship between the court's vacating the plea agreement and the dismissal with prejudice. We would question that. In any event we believe the government has a right to object. *United States v. Giannattasio,* 979 F.2d 98 (7th Cir.1992).

It is ordered that the dismissal of the information is affirmed, but changed to without prejudice, and it is further ordered that the government's obligations under the plea agreement stand vacated.