**Richard E. WIKBERG, Plaintiff–Appellant,**

v.

**Robert B. REICH, Secretary of Labor, Defendant–Appellee.**

No. 93–2781.

United States Court of Appeals, Seventh Circuit.

Argued March 2, 1994.

Decided April 7, 1994.

Rehearing Denied May 6, 1994.

Andrew R. Jarett and Robert N. Weiner (argued), Jarett & Weiner, Northfield, IL, for plaintiff-appellant.

Michele M. Fox, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Civ. Div., Appellate Section, Chicago, IL, for defendant-appellee.

Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.

POSNER, Chief Judge.

The Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. §§ 4211–14, requires firms that have contracts with the federal government to promise in their contracts not to discriminate against any employee or applicant for employment because he is a veteran of the Vietnam War. But the Act goes further, and requires the contractor to discriminate in favor of such veterans. Pursuant to the second requirement, a firm that had a federal contract hired Mr. Wikberg, a Vietnam veteran, as a sales manager, even though he did not meet the firm's usual qualifications for such a post. Eighteen months later the firm fired Wikberg, claiming that his performance was unsatisfactory. The Vietnam Era Veterans Readjustment Assistance Act does not create a private right of action but it does entitle a Vietnam veteran who believes that his employer has violated the Act to file a complaint with the Department of Labor, and it requires the Department to "promptly investigate such complaint and take appropriate action in accordance with the terms of the contract and applicable laws and regulations." 38 U.S.C. § 4212(b). Wikberg complained and the Department conducted an investigation, upon the conclusion of which it notified him that it would not take any action against his employer because it had found insufficient evidence that the firm had violated the Act. 41 C.F.R. § 60–250.26(g)(1).

Wikberg then brought this suit, which the district court dismissed for failure to state a claim, against the Department of Labor. The suit is within the jurisdiction of the federal courts (assuming Wikberg has standing to sue, of which more shortly) because it presents a federal question, 28 U.S.C. § 1331, not, as the parties believe, because the Administrative Procedure Act gives the federal courts jurisdiction to entertain suits against federal agencies; it does not. *Califano v. Sanders*, 430 U.S. 99, 105–07, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977). The suit complains that the investigation conducted by the Department infringed Wikberg's constitutional rights in two respects. It deprived him of a property right to continued employment by not granting him a hearing at which to present evidence controverting the evidence that his employer had submitted to the Department in response to the investigation. And it denied him the equal protection of the laws because the Department provides Vietnam veterans with fewer procedural rights than it provides persons complaining of violations of other statutes

that it administers. Both claims were based on the due process clause of the Fifth Amendment, the first directly, the second obliquely, that clause having been interpreted to place the federal government under the same duty of equal protection that the Fourteenth Amendment places the states. *Weinberger v. Wiesenfeld,* 420 U.S. 636, 638 n. 2, 95 S.Ct. 1225, 1228 n. 2, 43 L.Ed.2d 514 (1975). Wikberg sought an injunction commanding the Department to conduct a new investigation of his complaint in conformity with the procedures that he claims the Constitution commands. Of course he would benefit from the new investigation only if in the end the Department decided to take remedial action against the contractor and in a form that would benefit Wikberg. At the moment all he wants is that the Department be ordered to do a better job of investigation; and "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973). But Wikberg claims that the Constitution *entitles* him to the aid of the Department of Labor in enforcing his right to employment, and whether the claim is right or wrong (wrong, we shall see) it is distinct from a mere interest in a prosecuting authority's policies. Cf. *Banks v. Secretary of Indiana Family & Social Services Administration,* 997 F.2d 231, 238–41 (7th Cir. 1993).

■ Wikberg has not pressed his equal protection claim in this court, and it is therefore forfeited. He does press his due process claim, but it fails for want of a property interest. So far as appears, Mr. Wikberg was an employee at will of Moore Business Forms, the firm that hired and then fired him; and an employee at will has no legal right of any sort to continued employment—his only right is to be paid for the work he has done. Wikberg does not claim to have been deprived of that right. But even if he had an employment contract of fixed duration, or one of indefinite duration terminable only for cause, and hence the kind of contractual right that counts as "property" under the due process clause of the Fifth and Fourteenth Amendments, *Board of Regents v. Roth,* 408 U.S. 564, 576–77, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), he was not deprived of that right by the Department. He was deprived of it by his employer, Moore.

■ The Department failed, it is true, to protect Wikberg's right to employment, if he had such a right, and maybe he did have one—conferred by the Vietnam Era Veterans Readjustment Assistance Act. But we know from *DeShaney v. Winnebago County Department of Social Services,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), that the failure of a government agency to protect the life, liberty, or property of a person from private violence or other private invasion or deprivation does not count as a deprivation of that interest by the government itself and therefore is not actionable under the due process clause. *DeShaney* involved the due process clause of the Fourteenth Amendment but the principle is equally applicable to the due process clause of the Fifth Amendment. *Id.* at 196, 109 S.Ct. at 1003; *Piechowicz v. United States,* 885 F.2d 1207, 1214 n. 9 (4th Cir.1989). In *DeShaney,* Wisconsin had established an agency to investigate child abuse, and through negligence the agency failed to protect the plaintiff from his abusive father. In this case, Congress has established an agency to investigate violations of the Vietnam Era Veterans Readjustment Assistance Act and maybe by failing to follow sound procedures the agency failed to protect Mr. Wikberg from the unlawful activity of his employer. They are the same case. As for any argument that 38 U.S.C. § 4212(b), in imposing on the Department of Labor a duty of prompt investigation and appropriate action, confers more than the usual "right" to the aid of the law enforcement authorities—confers in fact the kind of entitlement that might count as property under the due process clause—it founders on the principle that procedural rights are not rights of liberty or property within the meaning of the due process clause. *Olim v. Wakinekona,* 461 U.S. 238, 250–51, 103 S.Ct. 1741, 1748–49, 75 L.Ed.2d 813 (1983); *Doe v. Milwaukee County,* 903 F.2d 499, 503 (7th Cir. 1990).

Apart from his constitutional claims, Wikberg argues that he is a third-party beneficiary of the contract between his employer and the federal government and can therefore enforce the veterans' benefit provision of it directly. But he forfeited this argument (which in any event appears barred by *D'Amato v. Wisconsin Gas Co.*, 760 F.2d 1474, 1478–84 (7th Cir.1985), a nearly identical case) by failing to make it in the district court. Moreover we do not understand the relevance of the argument to a suit against the Department of Labor. If the argument is correct, Wikberg can sue the contractor directly.

AFFIRMED.