53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Isiah EVANS, III, Plaintiff-Appellant,
v.
Dennis WOLFE, David Rardin, United States of America,
Defendants-Appellees.
 No. 92-3723.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided May 4, 1995.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Appellant Isiah Evans brought an action under the Federal Tort Claims Act ("FTCA") and the doctrine announced in Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that certain guards had violated his Eighth Amendment rights by severely beating him and denying him medical attention. A jury found in favor of the appellees on the Bivens claim, and the court found in favor of the appellees on the FTCA claim. We affirm.[1]
 
 Background
 
 2
 On May 28, 1987, appellant, an inmate at the federal prison at Terre Haute, Indiana, attacked a female prison psychologist.[2] Responding to the psychologist's body alarm, guards quickly arrived on the scene. The psychologist identified appellant as her assailant, and the guards began an immediate search for him. Shortly thereafter, appellant was taken into custody for the assault and transferred to the federal prison at Marion, Illinois. The speed of the guards' actions was due in part to death threats against the appellant; the psychologist had been popular with many of the prisoners and some stated they would seek revenge. During the course of the transfer, appellant was searched and examined by medical personnel, partly in regard to the investigation of the assault and partly incident to the transfer.
 
 
 3
 Appellant claimed he was taken into custody for no reason, severely beaten, and denied medical attention during the course of the transfer. The appellees maintained appellant was taken into custody, searched and transferred without incident. The judge and jury credited the appellees' version and appellant appealed.
 
 Analysis
 Appellant raises ten issues in his appeal:
 
 4
 1. that he was denied a fair trial because there were no minorities on the jury;
 
 
 5
 2. that the lower court erred in refusing to utilize one of the appellant's proposed jury instructions;
 
 
 6
 3. that the lower court erred in allowing the government to introduce evidence that the court had earlier ordered would be excluded pursuant to a motion in limine;
 
 
 7
 4. that appellant's counsel was ineffective;
 
 
 8
 5. that the government's attorneys engaged in misconduct;
 
 
 9
 6. that the district court failed to rule on appellant's motion to modify the magistrate's sanction order;
 
 
 10
 7. that the district court erred in failing to allow appellant to add an additional defendant;
 
 
 11
 8. that the district court should have sanctioned or brought perjury charges against Dr. Perry;
 
 
 12
 9. that the district court erred in imposing sanctions on appellant;
 
 
 13
 10. that the district court erred in denying appellant's motion for partial summary judgment.
 
 
 14
 None of appellant's claims have merit.
 
 Jury Venire
 
 15
 Appellant's first contention is that he was denied his Sixth Amendment rights because there were no minorities on the jury. We note initially that appellant has no right to a petit jury which contains members of his race or which fairly represents a cross-section of the community. See Holland v. Illinois, 493 U.S. 474, 477-78 (1990). See also United States v. Hatchett, 31 F.3d 1411, 1426 (7th Cir.1994). Construing his pro se pleadings broadly, appellant could be challenging the composition of the jury venire. Appellant does have the right to a jury venire composed of a fair cross-section of the community. Hatchett, 31 F.3d at 1426. However, to establish a violation of the Sixth Amendment, appellant must show the under-representation of minorities in the venire is due to a systematic exclusion of the minority group in the jury selection process. See United States v. McAnderson, 914 F.2d 934, 941 (7th Cir.1990), cert. denied, 115 S.Ct. 372 (1994); Hatchett, 31 F.3d at 1426. There is nothing in the record to establish systematic exclusion of minorities, and appellant has offered no coherent allegations that this is the case.
 
 Jury Instructions
 
 16
 Appellant's second contention is that the district court erred in excluding his proposed jury instruction that "Force used by a prison guard against a prisoner need not cause 'significant injury' to be cruel and unusual punishment under the Eighth Amendment." Appellant asserts that the instruction is required in light of the Supreme Court's holding in Hudson v. McMillian, 112 S.Ct. 995 (1992). Appellant argues the jury instructions utilized gave the jury the erroneous impression that they could find for appellant only if he showed a substantial injury.
 
 
 17
 Appellant is correct that an Eighth Amendment excessive force claim does not require that significant injury be evident, as long as the force administered is not de minimis. Hudson, 112 S.Ct. at 1000; see also Thomas v. Stalter, 20 F.3d 298, 302 (7th Cir.1994). Jury instructions, however, are to be construed in their entirety to ascertain whether the proper message was conveyed to the jury. McLaughlin v. State Farm Mutual Automobile Ins. Co., 30 F.3d 861, 868 (7th Cir.1994). Reversal is only warranted if the jury instructions so misguided the jury's comprehension of the issues in the case that a litigant was prejudiced. Id.
 
 
 18
 A review of the relevant instructions does not bear out appellant's contention. (See Appellees' Appendix at 25-26). The instructions are given solely in terms of the "infliction of pain," with no requirement of injury presented, substantial or otherwise. Further, given that appellant claims that he was savagely beaten to such a degree he suffered permanent scarring and internal injuries, if the jury had credited his testimony he would have prevailed even if the instructions had indicated "substantial injury" was required.
 
 Motion in Limine
 
 19
 Third, the appellant contends that the lower court erred in allowing the appellees to present evidence that he sought to exclude pursuant to a motion in limine. The evidence concerned the attack on the prison psychologist. The appellant wanted all reference to the attack excluded, which would greatly assist his claim that the guards took him into custody, searched him, and transferred him for "no reason." The appellees, however, pointed out that their actions could only be understood in the context of the assault. The district court allowed the appellees to present evidence of the fact of the assault, and their subsequent conduct germane to the assault, but not to go into any particulars of the assault unless appellant's presentation made such matter's relevant. (Trial Transcript, Vol. I at 5-11).
 
 
 20
 A district court's decision to admit or exclude evidence is reviewed for abuse of discretion. Walsh v. Emergency One, Inc., 26 F.3d 1417, 1420 (7th Cir.1994). A review of the transcript sections indicated by appellant does not reveal any conduct outside the district judge's order. Further, the district court's sensitivity to this issue was readily apparent. When one witness began testifying in a manner which indicated improper subject matter might be brought up, the court immediately instructed him to confine his testimony to the relevant issues. (See Trial Transcript, Vol. II at 93). In addition, none of the questions or answers appellant deems inappropriate were objected to; thus, this argument is waived. See generally Kafka v. Truck Insurance Exchange, 19 F.3d 383, 385 (7th Cir.1994).
 
 Ineffective Assistance
 
 21
 Appellant's fourth argument, that his counsel was ineffective, is specious. As a threshold matter, the district court, which observed counsel's performance, noted that his performance was not inadequate. (Order of October 14, 1992 at 3). More critically, however, appellant was not entitled to the appointment of counsel in his civil claim for damages, so he may not claim a right to effective assistance of counsel. See generally Barkauskas v. Lane, 946 F.2d 1292, 1294 (7th Cir.1991); Prihoda v. McCaughtry, 910 F.2d 1379, 1386 (7th Cir.1990). As noted by the district court, if appellant has reservations about his attorney's efforts, the appropriate remedy is a malpractice claim in state court.
 
 Prosecutorial Misconduct
 
 22
 Appellant's fifth contention is that appellees' counsel engaged in "prosecutorial misconduct." There are two difficulties with appellant's contention. First, the government attorneys were not acting as prosecutors. Second, as best we can ascertain from appellant's conclusory allegations, the alleged improper conduct consisted of putting forward "lying" witnesses (which the judge and jury believed), seeking to put forth evidence of the assault (which was appropriate), exploring the availability of a qualified immunity defense (hardly unreasonable), and engaging in discovery disputes (which were generally resolved in the government's favor). The district court found no improper conduct on the part of the government attorneys, and, after a review of the record, nor do we.
 
 Sanctions
 
 23
 Appellant's sixth and ninth contentions are related. Appellant claims the district court failed to rule upon his motion to modify the magistrate's order imposing sanctions against appellant. (Order of July 10, 1992). The record indicates that Judge Tinder did in fact review the magistrate's order (de novo, per 28 U.S.C. Sec. 636(b)), and modified the order as to when the sanctions must be paid. (Order of October 14, 1992 at 6-7.)
 
 
 24
 Appellant further claims sanctions were not appropriate. The standard of review for the imposition of a discovery sanction is abuse of discretion. Matter of Maurice, 21 F.3d 767, 771 (7th Cir.1994). The district court did not abuse its discretion in sanctioning appellant for his steadfast refusal to answer questions at his deposition and his refusal to comply with the court's discovery orders. See Weigel v. Shapiro, 608 F.2d 268, 272 (7th Cir.1979). See also Magnus Electronics v. Masco Corp. of Indiana, 871 F.2d 626, 631 (7th Cir.1989), cert. denied, 493 U.S. 891 (1989).
 
 Additional Defendant
 
 25
 Seventh, appellant claims the district court erred in not permitting him to amend his complaint to add Lt. Handley as a defendant. The denial of a motion for leave to amend will only be overturned if the trial court abused its discretion. Estate of Porter v. State of Illinois, 36 F.3d 684, 689 (7th Cir.1994). There is no abuse of discretion in denying a motion to amend if amendment would be futile. Id. at 690.
 
 
 26
 Indiana's two-year statute of limitations for personal injury actions applies to civil rights actions. See Bailey v. Faulkner, 765 F.2d 102, 103 (7th Cir.1985). The alleged assault on appellant took place on May 28, 1987, yet appellant did not attempt to add Lt. Handley as a defendant until November 18, 1991.[3] Because appellant's claim against Lt. Handley is time-barred, the district court did not abuse its discretion in denying leave to amend.
 
 Perjury
 
 27
 Eighth, appellant argues that Dr. Perry, who testified on behalf of the appellees, should be sanctioned and charged with perjury. As for the perjury charges, appellant lacks standing to bring an action for failure to investigate and prosecute criminal behavior. See generally Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973); Wikberg v. Reich, 21 F.3d 188, 190 (7th Cir.1994), cert. denied, 115 S.Ct. 421 (1994). Further, prosecutorial discretion does not reside in the judicial branch. See U.S. v. Giannattasio, 979 F.2d 98, 100 (7th Cir.1992). Appellant's claim for sanctions against his opponents for presenting Dr. Perry's testimony is waived, because sanctions were never sought in the district court. See generally Mastrobuono v. Shearson Lehman Hutton, Inc., 20 F.3d 713, 719 (7th Cir.1994), cert. granted, 115 S.Ct. 305 (1994).
 
 Partial Summary Judgment
 
 28
 Lastly, appellant claims the district court erred in not granting him partial summary judgment on the issue of whether "unknown" guards severely beat him. The appellees, while not specifically mentioning "unknown" guards, submitted affidavits stating no beating took place. This creates an obvious issue of fact making summary judgment inappropriate. See Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir.1992) ("summary judgment is not a procedure for resolving a swearing contest").
 
 
 29
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Plaintiff-appellant has filed such a statement. Upon consideration of that statement the court has concluded that oral argument would not be helpful, and the appeal is submitted on the briefs and record
 
 
 [1]
 Appellant's pending motion for appointment of counsel is also denied, because appellant's claims are meritless
 
 
 [2]
 Appellant pled guilty to the assault on May 10, 1989
 
 
 [3]
 Appellant's motion to amend was presented in the form of a motion to reconsider his earlier motion to amend filed on February 21, 1989. That motion to amend had sought to add Lt. Handley as a defendant, but only based on conduct completely unrelated to the alleged assault. The earlier motion was denied on that basis. (Order of August 14, 1991). Appellant did not allege any conduct tying Lt. Handley to this action until the November 1991 motion to reconsider. As noted by the district court, because appellant knew Lt. Handley's identity and his potential involvement well before the running of the statute of limitations, there is no "mistake" which would allow the amendment to relate back to the original complaint pursuant to Fed.R.Civ.P. 15(c). (See Order of February 28, 1992)