**Brenda HAPPE, Plaintiff–Appellant,**

v.

**Margaret LLOYD, Prosecutor, and Vanderburgh County, Defendants–Appellees.**

**No. 00–3311.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 5, 2001*.

Decided Feb. 5, 2001.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, RIPPLE, EVANS, Circuit Judges.

## ORDER

Brenda Happe sued Vanderburgh County, Indiana, and state prosecutor Margaret Lloyd under 42 U.S.C. § 1983, claiming that her civil rights had been violated because Ms. Lloyd mishandled the prosecution of William Stucke, a man whom Ms. Happe had accused of battery. The district court dismissed Ms. Happe's complaint in its entirety, and we affirm.

In her complaint, Ms. Happe alleges that during the Stucke trial, Ms. Lloyd refused to produce a key prosecution witness, suppressed evidence favorable to the prosecution, and refused to inform Ms. Happe of her right to appeal from Mr. Stucke's acquittal. Ms. Happe further maintains that Vanderburgh County shares liability for Ms. Lloyd's alleged misconduct, due to the fact that Ms. Lloyd was acting as a representative of the county. Ms. Happe's complaint does not specify whether she is seeking monetary or equitable relief, instead simply asking the court to issue "relief as deemed appropriate and just."

The district court dismissed the suit in its entirety, primarily on the ground that, even when construed liberally, Ms. Happe's allegations could not be properly characterized as raising a cognizable federal civil rights claim. The court further reasoned that if Ms. Happe was suing for damages, Ms. Lloyd was entitled to absolute prosecutorial immunity. Finally, with regard to the County, the court held that it could not be liable for Ms. Happe's asserted injury because in Indiana the prosecutor acts as an officer of the state, not of the county in which she exercises jurisdiction, and even if the court were to conclude

otherwise, the County could not be liable in the absence of a municipal policy or custom bearing a causal relationship between Ms. Lloyd's actions and the alleged violation of Ms. Happe's constitutional rights.

■ We conclude that the district court properly dismissed Ms. Happe's complaint. First, insofar as she is seeking redress for any past harm, her complaint fails to state a claim upon which relief can be granted, as a citizen cannot contest "the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973); *see also Wikberg v. Reich*, 21 F.3d 188, 190 (7th Cir. 1994). Furthermore, as the district court correctly noted, Ms. Lloyd, in performing functions that are part of the judicial process, is entitled to absolute immunity from suit. *See Anderson v. Simon*, 217 F.3d 472, 475 (7th Cir.2000).

■ With regard to Ms. Happe's request for injunctive relief, the basis for the district court's dismissal is not entirely clear, but in any event, we find that the court did not have jurisdiction to entertain the claim in the first place. As best as we can tell from the record and Ms. Happe's brief on appeal, Ms. Happe apparently seeks to have Ms. Lloyd, as well as a Judge Maurice O'Connor, who apparently testified as a character witness for Mr. Stucke, removed from any future criminal trials in which Ms. Happe is the victim. But Article III standing requires that a plaintiff demonstrate an injury-in-fact, which is "concrete and particularized, actual or imminent, and not conjectural or

hypothetical." *Sierakowski v. Ryan*, 223 F.3d 440, 442 (7th Cir.2000). Here, even assuming that Ms. Happe has suffered a past injury, she has not established a real and immediate threat that she will again be the victim of a crime and that Ms. Lloyd will be responsible for prosecuting that crime. Ms. Happe's prospects of future "injury" are therefore purely speculative, and so she lacks the requisite personal interest to establish standing to seek injunctive relief.[1]

Because Ms. Happe does not have standing to seek injunctive relief, the judgment of the district court should have reflected a dismissal in part for lack of jurisdiction. We agree with the court's decision in all other aspects. Accordingly, the judgment of the district court shall be AFFIRMED AS MODIFIED.

---

1. We do not find it necessary to reach the various other grounds for affirmance urged by the defendants. Further, with regard to

Ms. Happe's claims against Judge O'Connor, we reject those arguments because he was

never properly joined as a defendant in this case.

