**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony K. SANYAOLU, Defendant–Appellant.**

No. 01–CR–044–001.

United States Court of Appeals, Seventh Circuit.

Submitted June 5, 2002.

Decided June 6, 2002.

Before EASTERBROOK, DIANE P. WOOD, WILLIAMS, Circuit Judges.

ORDER

Anthony Sanyaolu was sentenced to 62 months' imprisonment after he pleaded guilty to distribution of heroin. 21 U.S.C. § 841(a)(1). Sanyaolu filed a notice of appeal, but his counsel has moved to withdraw because in his view there are no nonfrivolous grounds for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's *Anders* brief is facially adequate and Sanyaolu has not responded to it, so we limit our review of the record to the potential issues counsel discusses. *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel initially considers whether Sanyaolu could assert a nonfrivolous challenge to his sentence. In particular, counsel considers arguing that the district court should have departed downward, but properly deems this contention frivolous because Sanyaolu never moved for a downward departure in the district court. *See United States v. Dillard,* 43 F.3d 299, 311 (7th Cir.1994) (defendant waived argument that he was entitled to departure where he never raised it in district court); *United States v. Kellum,* 42 F.3d 1087, 1096 (7th Cir.1994) (same).

Counsel next assesses whether Sanyaolu could seek from this court an order compelling the government to bring federal drug charges against the cooperating witness who set up a drug deal with Sanyaolu. As counsel correctly concludes, however, such an argument would be frivolous be-

cause, even assuming Sanyaolu could raise such a claim, charging decisions are not the province of the federal judiciary. *See United States v. Martin*, 287 F.3d 609, 623 (7th Cir.2002) (observing that the "judiciary cannot compel prosecutions"); *United States v. Giannattasio*, 979 F.2d 98, 100 (7th Cir.1992) ("A judge in our system does not have the authority to tell prosecutors which crimes to prosecute or when to prosecute them.").

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.