**UNITED STATES of America**

v.

**Carmen DANELLA and Renato Mariani.**

**Criminal Nos. 96–55–01, 96–55–02.**

United States District Court,
E.D. Pennsylvania.

June 5, 1996.

Robert A. Kauffman, Assistant United States Attorney, Philadelphia, PA, for plaintiff.

Gregory P. Miller, Odell Guyton, Miller, Alfano & Raspanti, P.C., Philadelphia, PA, for Carmen Danella.

Thomascolas Carroll, Philadelphia, PA, for Renato Mariani.

### MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

On February 8, 1996, a criminal indictment was filed against Defendants Carmen Danel-

la and Renato Mariani, charging each defendant with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. Both Defendants were also charged with filing false corporate tax returns, in violation of 26 U.S.C. § 7206(2), and Defendant Danella was charged with two counts of filing a false individual income tax return, in violation of 26 U.S.C. § 7206(1). The indictment charged that the Defendants directed John Kaufman, a lawyer who is not a defendant in this indictment, to submit fake invoices for unprovided legal services to companies controlled by Defendants. The indictment further charged that the Defendants would pay these bills and receive a large percentage of the payments back from John Kaufman, after which they would take income tax deductions for the cost of the legal services which were purportedly never provided.

Defendants Carmen Danella and Renato Mariani have now filed a joint motion in which they seek dismissal of the § 371 conspiracy charge (which is Count One of the indictment) on the ground that it is legally deficient or, in the alternative, a bill of particulars. On May 20, 1996, the Court held oral argument on Defendants' joint motion. After consideration of counsels' argument and the briefs presented to the Court, the Court will deny the motion for the reasons set forth in this memorandum.

Count One of the indictment provides in relevant part:

> From in or about January 1988 to in or about December 1992, in the Eastern District of Pennsylvania and elsewhere, defendants

### CARMEN DANELLA
### RENATO MARIANI

> did knowingly and intentionally conspire, combine, confederate and agree with other persons known and unknown to the Grand Jury, to defraud the United States by impeding, impairing, obstructing, and defeating the lawful functions of the Internal Revenue Service of the United States Treasury Department in the ascertainment, computation, assessment and collec-

tion of revenue and in the examination of income tax returns.

Counts Two through Seven set forth individual violations of 26 U.S.C. § 7206(1) and 7206(2) based on the Defendants' alleged filing of false income tax returns.

■ § 371 provides in relevant part:

> If two or more persons conspire either to commit any offense against the United States, *or to defraud the United States,* or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

(emphasis added). Count One of the indictment is brought under the "defraud" clause of § 371. As the Third Circuit explained in *United States v. Vazquez,* 319 F.2d 381, 384 (3d Cir.1963):

> The general conspiracy section of the Criminal Code, 18 U.S.C.A. § 371, the alleged violation of which was the basis of count one, condemns two types of conspiracies: One, to commit substantive offenses against the United States specified under other statutes. The other to defraud the United States. The latter conspiracy is itself the substantive offense, and a count of indictment drawn under it need refer to no other statute than § 371.

*See also United States v. Alston,* 77 F.3d 713, 718 (3d Cir.1996) (Garth, J.) ("While the 'offense' clause requires reference to another part of the criminal code, the 'defraud' clause simply does not because the substantive offense (fraud) is contained in the statute itself.").

■ The type of conspiracy to obstruct the revenue collection functions of the IRS set forth in Count One is often referred to as a "Klein" conspiracy. *See United States v. Klein,* 247 F.2d 908 (2d Cir.1957), *cert. denied,* 335 U.S. 924, 78 S.Ct. 365, 2 L.Ed.2d 354 (1958). "A *Klein* conspiracy is comprised of three elements: '(1) the existence of an agreement, (2) an overt act by one of the conspirators in furtherance of the objectives, and (3) an intent on the part of the conspirators to agree, as well as to defraud the

United States.'" *Alston, supra,* at 720 n. 17 (quoting *United States v. Shoup,* 608 F.2d 950, 956 (3d Cir.1979)). In *Klein,* the Second Circuit upheld a § 371 conspiracy conviction to defraud the United States by impeding the revenue collection functions of the IRS despite the fact that the defendants had been acquitted on charges of specific tax evasions.

■ In support of their motion to dismiss the conspiracy count, Defendants rely on *Alston* and *United States v. Curran,* 20 F.3d 560 (3d Cir.1994). In *Alston,* the defendant was convicted of conspiracy to defraud the United States by impairing the collection of data and reports of currency transactions in excess of $10,000. The Third Circuit reversed, finding that the Government had alleged no more than a conspiracy to defraud by structuring and had also acknowledged that Alston lacked the intent required for structuring offenses. In *Curran,* the defendant was convicted of conspiring to defraud the United States by impeding the performance of the Federal Election Commission through interference with Commission reporting requirements, as well as substantive offenses of causing election campaign treasurers to submit false reports to the Federal Election Commission. The Third Circuit reversed and remanded for a new trial after concluding that the trial court had erred in its instructions regarding the level of intent required for conviction of the substantive reporting offenses, and noted that on remand "the instructions on intent as to the conspiracy count must track those applicable to the substantive counts." *Curran,* at 571.

Defendants assert that the Government in this case should not be able to proceed with a "defraud" conspiracy when the substantive offenses of filing a false income tax return charged in the indictment require a higher *mens rea* of willfulness. As the Government has noted, however, the indictment now before the Court presents a "classic" *Klein* conspiracy in its allegations that the Defendants conspired to impede the revenue collection functions of the IRS. In *Alston,* which relied on *Curran,* Judge Garth specifically noted that the *Alston* indictment alleged "no more than a conspiracy to defraud the United States by structuring, a far different conspiracy than the genre of 'Klein conspiracies' relied on by the government." *Alston, supra,* at 715 (footnote omitted); *see also id.* at 720 n. 17 (citing *Klein* and noting that "[s]everal courts have sustained *Klein* convictions when the evidence sufficed to prove an accompanying 'intent and purpose of impeding and obstructing the IRS in the collection of revenue and the performance of its duties'") (quoting *United States v. Vogt,* 910 F.2d 1184, 1203 (4th Cir.1990), *cert. denied,* 498 U.S. 1083, 111 S.Ct. 955, 112 L.Ed.2d 1043 (1991)). In its discussion of the Government's arguments in *Alston,* Judge Garth also noted that "establishing a true *Klein* conspiracy does not generally require proof of knowledge of illegality ..." *Id.* at 720.

In light of *Alston,* the Court cannot conclude that the § 371 "Klein" conspiracy charge set forth in the indictment is legally deficient and Defendants' motion to dismiss Count One of the indictment will be denied.

■ Defendants have also sought a detailed bill of particulars. In *United States v. Rosa,* 891 F.2d 1063, 1066 (3d Cir.1989), the Third Circuit explained that "the case law now recognizes that motions for a bill of particulars should be granted whenever an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." Upon consideration of Defendants' allegations of deficiencies in the indictment, the discovery and grand jury materials provided to date by the Government, and the nature of the extensive filings by both the Defendants and the Government to date in this action, including Defendants' *ex parte* filing, the Court will deny Defendants' request. The Court has no doubt that Defendants are sufficiently informed of the details of the charges against them, and finds that they have not been significantly impaired in preparing their defense nor are likely to face prejudicial surprise at trial such that a bill of particulars is appropriate.