**UNITED STATES of America,**

**v.**

**John GAMBONE, Sr., Anthony Gambone, William Murdock, Sandra Lee Gambone, John Gambone, Jr., and Robert Carl Meixner.**

**No. CRIM. 00–176–ALL.**

United States District Court,
E.D. Pennsylvania.

Sept. 12, 2000.

Donald J. Goldberg, Philadelphia, PA, J. Shane Creamer, Dilworth Paxson LLP, Philadelphia, PA, for John A. Gambone, Sr.

Thomas A. Bergstrom, Malvern, PA, for Anthony Gambone.

John Rogers Carroll, Carroll & Carroll, Philadelphia, PA, for William Murdock.

James C. Schwartzman, James C. Schwartzman & Associates, Philadelphia, PA, for Sandra Lee Gambone.

Thomas Colas Carroll, Philadelphia, PA, for John Gambone, Jr.

Mary E. Kohart, Drinker Biddle & Reath LLP, Philadelphia, PA, for Robert Carl Meixner.

## MEMORANDUM

PADOVA, District Judge.

Before the Court are Defendants' Motion to Dismiss Count One of the Indictment, filed on June 26, 2000, and Defendants' Motion to Compel Election or Dismiss Count One of the Indictment as Duplicitous, filed on July 25, 2000. Defendant Sandra Lee Gambone also moves, separately, for dismissal of Count One, or, in the alternative, to compel election or order a separate trial.[1] The Government filed a response on July 25, 2000. Oral argument was held before the Court on August 23, 2000. The matter is fully briefed and ripe for decision. For the reasons that follow, the Court will deny Defendants' Motions to Dismiss Count One of the Indictment. The Court will also deny Defendants' alternative request to compel election.

## I. BACKGROUND

On April 6, 2000, the Government filed a multi-count indictment against Defendants John Gambone, Sr., Anthony Gambone, William Murdock, Sandra Lee Gambone, John Gambone, Jr., and Robert Carl Meixner. Count One charges a conspiracy to

---

1. With respect to the separate motion made by Defendant Sandra Lee Gambone, this memorandum and the accompanying Order will deal only with the requests to dismiss count one or to compel election. As the Government has not yet had the opportunity to respond to the severance request, the Court reserves disposition of that specific part of Defendant's Motion for consideration at a later time.

defraud the United States in violation of 18 U.S.C. § 371. Counts Two through Sixty-seven charge violations of 26 U.S.C. § 7206 (fraud and false statements) of the Internal Revenue Code. Defendants seek to have Count One of the Indictment dismissed.

## II. STANDARD

■ In considering a motion to dismiss an indictment or a portion of an indictment, the court accepts as true the well-pleaded factual allegations set forth in the indictment. *See United States v. Besmajian,* 910 F.2d 1153, 1154 (3d Cir.1990). If the facts do not constitute a violation of federal law, the charges should be dismissed. *See United States v. Stewart,* Crim.Act. No. 96–583, 1997 WL 688815, *1, 1997 U.S. Dist.LEXIS 16947, at *2 (E.D.Pa. Oct. 23, 1997) (*citing United States v. Polychron,* 841 F.2d 833, 834 (8th Cir.), *cert. denied,* 488 U.S. 851, 109 S.Ct. 135, 102 L.Ed.2d 107 (1988)).

## III. DISCUSSION

Defendants first move to dismiss Count One of the Indictment because it fails properly to allege a conspiracy to defraud the United States pursuant to the defraud clause of section 371. Defendants also move to dismiss Count One on the grounds it is duplicitous. In the alternative, Defendants ask the Court to compel the Government to choose from among the alleged conspiracies in Count One. The Court will consider these arguments in turn.

### A. *The Defraud Clause*

■ Section 371 of Title 18 of the United States Code provides:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both. 18 U.S.C. § 371 (1994).

The Court of Appeals for the Third Circuit has explained that section 371 describes two types of conspiracies: (1) a conspiracy to commit a substantive offense under a separate criminal statute (the "offense" clause); and (2) a conspiracy to defraud the United States (the "defraud" clause) without reference to another criminal statute. *United States v. Alston,* 77 F.3d 713, 718 (3d Cir.1996). Count One alleges a conspiracy falling under the defraud clause.

A conspiracy to defraud the United States by frustrating the lawful information-gathering function of the Internal Revenue Service ("IRS") is commonly referred to as a *"Klein* conspiracy," named after the landmark decision of the United States Court of Appeals for the Second Circuit in *United States v. Klein,* 247 F.2d 908 (2d Cir.1957). In *Klein,* the defendants participated in a scheme to import and sell Canadian whiskey in the United States in such a way as to minimize the amount of federal income tax that would be owed. In addition to the filing of false income tax returns, the Government provided substantial evidence of additional acts of concealment and circumstantial evidence to establish an agreement, including the creation of shell corporations and use of overseas accounts. *Id.* at 909.

■ In order for Count One of the Indictment to stand, it must properly allege a *Klein* conspiracy. A *Klein* conspiracy consists of three elements: (1) existence of an agreement to accomplish an illegal or unlawful objective against the United States; (2) commission of an overt act by conspirators in furtherance of conspiracy; and (3) intent by the defendant to agree to the conspiracy and to defraud the United States. *See United States v. Adkinson,* 158 F.3d 1147, 1153 (11th Cir.1998); *United States v. Furkin,* 119 F.3d 1276, 1278 (7th Cir.1997); *United States v. Tedder,* 801 F.2d 1437, 1446 (4th Cir.1986).

In Count ·One, the Government alleges that the six Defendants "knowingly and willingfully conspired, and agreed, together and with others known and unknown to the grand jury, to defraud the United States by impeding, impairing, obstructing, and defeating the lawful governmental functions of the IRS in the ascertainment, computation, assessment, and collection of revenue ..." (Indictment ¶ 13). More specifically, the Government alleges that the conspirators engaged in a three-part scheme that included:

(1) skimming cash from their businesses and not reporting it on their personal tax returns; (2) paying and not reporting employee income from overtime wages, wages given in the form of fraudulent expense reimbursement, and wages paid off-payroll, thereby aiding and assisting employees in the filing of false tax returns; and (3) not reporting payments to subcontractors, thereby aiding and assisting some subcontractors in the failure to report the income.

(Indictment at 5–6).

Applying the three-part test, the Court concludes that the Government has properly alleged a *Klein* conspiracy in Count One. The Government has alleged that there was an agreement to achieve an unlawful objective, specifically, to defraud the United States government.[2] The Government has also alleged a series of overt acts performed by Defendants in furtherance of the conspiracy. (Indictment at 11). And, the Government has, with sufficient clarity, alleged intent by Defendants to agree to the conspiracy and to defraud the United States. *See United States v. Ervasti*, 201 F.3d 1029, 1037–38 (8th Cir. 2000) (upholding as sufficient *Klein* conspiracy indictment where the Government alleged that the defendants "did unlawful-

ly, willfully and knowingly combine, conspire, confederate and agree ... to impede and impair the due administration of the Internal Revenue Code [sic] of the United States in the ascertainment, computation, assessment and collection of taxes ...")

Defendants contend that the Government has failed to satisfy this third, intent prong of *Klein*. Defendants note that the Government's indictment alleges that Defendants sought to avoid the requirements of the Fair Labor Standards Act ("FLSA"). Defendants argue that this is an admission by the Government that the purpose of the conspiracy was to avoid the FLSA, and not to defraud the IRS.

If Defendants' assertion were correct, then Count One would be fatally flawed. A *Klein* conspiracy requires that an agreed upon objective of the conspiracy be to "thwart the IRS's [sic] efforts to determine and collect income taxes." *United States v. Vogt*, 910 F.2d 1184, 1203 (4th Cir.1990). This objective, or tax purpose, must be the object of a *Klein* conspiracy, and not merely a foreseeable consequence of some other conspiratorial scheme. *See Dennis v. United States*, 384 U.S. 855, 861, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966). If the avoidance of the tax is merely a collateral effect of the scheme, then it is not sufficient to establish a *Klein* conspiracy. *See United States v. Vogt*, 910 F.2d 1184, 1202 (4th Cir.1990). Nevertheless, schemes with multiple objectives are acceptable, even if the primary objective is concealment of another crime. *See Ingram v. United States*, 360 U.S. 672, 680–81, 79 S.Ct. 1314, 3 L.Ed.2d 1503 (1959).

Looking at the allegations in Count One, however, Defendants' assertion that the Government has failed to meet the intent prong of *Klein* cannot be correct. Here,

---

2. Defendants William Murdock and Robert Carl Meixner argue for dismissal of Count One on the basis that "the Government has not alleged that they agreed to be a part of *any* conspiracy." (Def's Mot. at 12–13). Defendants, however, are mistaken. Paragraph 13 of Count One of the Indictment clearly and explicitly alleges that all six Defendants conspired to defraud the United States. (Def's Mot. ¶ 13). Defendants challenge whether the specific facts alleged in the indictment are sufficient to prove intent, but this is not the appropriate inquiry with respect to this Motion to dismiss.

the Government explicitly has alleged a conspiracy aimed at defeating the lawful governmental functions of the IRS. Nothing on the face of the indictment, including a statement of a second, concurrent objective, negates the alleged tax motive. No case law prohibits the Government from proving multiple objectives in the conspiracy.

■ To bolster its contention that Count One fails to allege a *Klein* conspiracy, Defendants also argue that a *Klein* conspiracy must be complex and contain deceptions. Defendants' memorandum contains several pages of analysis of the conspiracy in *Klein,* and explains why the case at bar is not nearly as complex. The Court disagrees, however, that a scheme need be complex in order to constitute a *Klein* conspiracy.[3] While many conspiracies are by their nature complex, a *Klein* conspiracy does not require a particular level of complexity. Reviewing courts have upheld *Klein* conspiracy convictions on fact patterns far less complex than in the original *Klein* case. *See, e.g., United States v. Furkin,* 119 F.3d 1276 (7th Cir. 1997) (upholding conspiracy conviction of business owner who purchased gambling machines with cash and did not record or report income); *United States v. Goldberg,* 105 F.3d 770 (1st Cir.1997) (upholding conspiracy conviction of defendant who had prepared and filed false W–2, W–3, and W–4 statements and concluding "that the conduct and purpose of the defendants, although markedly less sinister than in *Klein,* could properly be found to fall within the outer bounds of section 371."); *see also United States v. Danella,* 931 F.Supp. 374 (E.D.Pa.1996) (denying motion to dismiss defraud clause count where defendants allegedly directed their lawyer to issue false invoices, pay bills, and take

false tax deductions). *See also United States v. Olgin,* 745 F.2d 263, 266 (3d Cir.1984) (involving the use of corporate checks to fictitious payees to generate cash proceeds and failure to record and issue receipts for cash sales), *cert. denied,* 471 U.S. 1099, 105 S.Ct. 2321, 85 L.Ed.2d 840 (1985). Thus, with respect to whether the Government has alleged a *Klein* conspiracy, the only relevant inquiry is whether the scheme alleged in the Indictment meets the three *Klein* requirements outlined in the case law. The Court concludes that the Indictment sufficiently alleges a *Klein* conspiracy.

### B. *The Offense Clause*

■ Defendants further contend that the Government has alleged only specific violations of internal revenue laws, or conspiracy with each other and other employees to engage in these violations of these statutes. Defendants argue that because the Internal Revenue Code provides specific criminal penalties, the crimes alleged here must be charged either under the substantive statutes directly, or under the offense clause of § 371 if a conspiracy can be shown. (Def's Mot. at 3).

■ The law is settled that a defendant can be charged and convicted for the same crime under both the provisions of specific criminal statutes and the defraud clause of § 371. In *United States v. Tedder,* 801 F.2d 1437 (4th Cir.1986), for example, the Court of Appeals for the Fourth Circuit upheld the defendant's conviction for his participation in a marijuana smuggling business under § 371, even though he was also convicted for illegal importation of marijuana in violation of 21 U.S.C. § 963 and possession with the intent to distribute marijuana in violation of

---

**3.** Defendants similarly contend that, to prove a *Klein* conspiracy, the Government must establish that each defendant agreed to interfere with or obstruct one of the IRS' lawful functions by deceit, craft or trickery. Defendants cite *United States v. Shoup,* 608 F.2d 950 (3d Cir.1979) in support of this proposition.

*Shoup,* however, neither contains an explicit requirement regarding deceit, nor involves a tax conspiracy. In any case, the Court believes the scheme alleged in the Indictment against these Defendants does involve deceit, craft or trickery.

21 U.S.C. § 846. The court applied the standard established in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which examined whether each offense required proof of a fact not required by the other offenses. *Tedder,* 801 F.2d at 1446. *See also Blockburger,* 284 U.S. at 304, 52 S.Ct. 180 ("Where each offense requires proof of a fact not required by the other, a defendant can be punished under both statutes for a single act or transaction.") The court concluded that, unlike § 846 or § 963, § 371 requires proof of intent to defraud the United States. This additional element was sufficient to distinguish between the prosecutions under § 846 and § 963, and the prosecution under § 371. *See Tedder,* at 1446.

The same analysis applies here. In proving the violations of specific Internal Revenue Code provisions, the Government need not prove an intent to defraud the United States. However, this proof of intent is a necessary element for the defraud clause charge. In other words, the "conspiracy" objective distinguishes Count One from the other specific statutory offenses. Thus, Defendants' argument against allowing a defraud clause prosecution fails.

■ Defendants here, however, acknowledge that the Government has alleged the existence of a conspiracy. They contend that the Government ought to have charged Defendants with multiple conspiracies under the offense clause, rather than a single conspiracy under the defraud clause. The argument in favor of such a rule is based on the Sixth Circuit Court of Appeals decision in *United States v. Minarik,* 875 F.2d 1186 (6th Cir.1989). The *Minarik* defendants were accused of attempting to hide assets from the IRS after receiving notices of tax assessments. *Id.* at 1187. Calling the offense and defraud clauses "mutually exclusive" as applied to the facts in the case, the court held that the proofs offered only supported a conspiracy to violate 26 U.S.C. § 7206(4), prohibiting concealment of assets from the

IRS. *Id.* Thus, the court reasoned, the Government improperly charged the defendant with a conspiracy under the defraud clause. *See id.*

■ The *Minarik* court, however, was primarily concerned with preventing substantial confusion created by the Government, which switched its legal theories of the crimes charged at trial, thus depriving defendants of proper notice in the case. *United States v. Sturman,* 951 F.2d 1466, 1474 (6th Cir.1991) ("The chief concern of this Court in *Minarik* was that the government, by constantly changing the prosecution theory, never adequately informed the defendant of the charges against him.") The *Minarik* rule does not require that all prosecutors charge all conspiracies to violate a specific statute under the offense clause. *United States v. Mohney,* 949 F.2d 899, 902 (6th Cir.1991). Rather, given conduct may be proscribed by both the offense and defraud clauses, and the fact that a particular course of conduct is chargeable under one clause does not render it immune from prosecution under the other. *See U.S. v. Arch Trading Co.,* 987 F.2d 1087, 1092 (4th Cir.1993). *See also United States v. Reynolds,* 919 F.2d 435, 438–39 (7th Cir.1990) (rejecting defendant's argument that the Government should have indicted under the offense rather than defraud clause, noting that, "[i]f the prosecutor must charge a conspiracy to commit the specific crime, there can never be a charge of conspiracy to defraud the United States.")

■ Often courts that have distinguished *Minarik* have done so after concluding that the allegations or proofs reflect a conspiracy broader than one under a single offense conspiracy. *See, e.g., United States v. Notch,* 939 F.2d 895, 901 (10th Cir.1991) (upholding defraud clause conviction where, "[t]he object of the conspiracy went beyond filing false tax returns; it was to conceal taxable income in order to prevent the IRS from accurately ascertaining and collecting income taxes.");

*United States v. Bilzerian,* 926 F.2d 1285, 1301 (2d Cir.) (upholding conviction of the defendant on securities fraud charges, conspiracy to commit specific offenses, and conspiracy to defraud the SEC and the IRS), *cert. denied,* 502 U.S. 813, 112 S.Ct. 63, 116 L.Ed.2d 39 (1991). The Government's ability to charge conspiracy under the defraud clause is especially clear where the underlying offenses are of multiple statutory provisions. *See United States v. Derezinski,* 945 F.2d 1006, 1010 (8th Cir.1991) (upholding defraud clause conviction based on two statutory offenses, noting that, "it is well settled that when conduct violates more than one criminal statute, the Government may choose which statute to apply") (citing *United States v. Batchelder,* 442 U.S. 114, 124–25, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979)).

The Third Circuit has not ruled directly on the *Minarik* issue. However, the case at bar is distinguishable from *Minarik.* The Government here has alleged a conspiracy spanning 20 years and touching upon at least four provisions of the Internal Revenue Code, the Fair Labor Standards Act, and the Social Security withholding requirements. The alleged conspiracy goes well beyond the attempt to merely violate a particular provision of the Internal Revenue code. Furthermore, there is no danger of confusion over the charges being brought by the Government. *See United States v. D'Amato,* 722 F.Supp. 221, 225 (E.D.Pa. 1989) (upholding defraud clause conviction and distinguishing from *Minarik* in that D'Amato lacked the confusion and inconsistencies inherent in *Minarik,* because the Government charged and proved one theory of criminal conduct with respect to the indictment count). The Government is thus well within its discretion to charge defendants under the defraud clause.

Defendants further contend that the Third Circuit's decision in *United States v. Alston,* 77 F.3d 713 (3d Cir.1996), which involved an alleged defraud clause conspir-acy count in the context of a financial structuring scheme, appropriately determines the disposition of Defendants' Motions here. In *Alston,* the defendant was charged and convicted in a financial structuring scheme under the substantive provision and under the defraud clause, but absent any proof of defendant's knowledge of illegality. *Id.* at Defendant was convicted on all counts; however, subsequent to trial the Supreme Court established a new requirement that the Government prove "willfulness" to obtain a structuring conviction. *Id.* at 716. The district court vacated the conviction on the structuring count, but refused to vacate the conspiracy clause conviction, on the basis that the *mens rea* requirement did not apply to defraud clause conspiracies. *Id.* The Third Circuit vacated the defraud clause conviction as well, on the basis that it could not differentiate between the "structuring" scheme of which the defendant was acquitted, and the "defraud" scheme under § 371. *Id.* at 721. The court went on to explain that, a defendant not guilty of an offense under the offense clause cannot alternatively be convicted under the defraud clause of § 371. *Id.*

*Alston,* however, is an unusual case that is distinguishable from the case at bar. The Government here has alleged a conspiracy based on multiple acts, and has alleged intent that differs from the intent required to prove specific, isolated statutory violations. The allegations cover a broad spectrum of offenses that, if brought separately, would require several different offense conspiracy counts.

For the reasons stated, the Court denies Defendant's Motions to Dismiss Count One on the basis that the charges should have been charged under the offense clause.

### C. *Duplicity*

 Defendants also seek dismissal of Count One, or in the alternative, an order compelling the Government to elect one of the three conspiracy theories in Count One, on the theory the allegations

are duplicitous. Duplicity is the "joining in a single count of two or more distinct and separate offenses." *United States v. Starks,* 515 F.2d 112, 116–17 (3d Cir.1975). The prohibition against duplicitous pleadings reflects three concerns. First, an acquittal on a duplicitous count "does not reveal whether the jury found him not guilty of one crime or not guilty of both. Conceivably this could prejudice the defendant in protecting himself against double jeopardy." *Id.* Second, a guilty verdict "does not disclose whether the jury found the defendant guilty of one crime or of both. Conceivably, this could prejudice the defendant in sentencing and in obtaining appellate review." *Id.* Third, joining of offenses may prejudice the defendant with respect to evidentiary rulings. "Finally, there is no way of knowing with a general verdict on two separate offenses joined in a single count whether the jury was unanimous with respect to either." *Id.* at 117.

Whether Count One is duplicitous depends on whether the Government's allegations are considered to constitute a single conspiracy under 18 U.S.C. § 371, or multiple conspiracies or violations, as the defense contends. Defendants contend that Count One actually alleges three separate conspiracies: skimming cash, paying and not reporting employee income from overtime wages, and not reporting payments to subcontractors. Thus, if dismissal is not required, the Government should be ordered to elect one of the conspiracy theories. The Government responds that Count One constitutes a single master conspiracy with subsidiary schemes, and is therefore not a duplicitous conspiracy.

 To determine whether a conspiracy is a single conspiracy or multiple conspiracies, the Third Circuit has articulated a three-part test: (1) the existence of a common goal among the conspirators; (2) the nature of the scheme to determine whether the agreement would bring to pass a continuous result which would not continue without the cooperation of the conspirators; and (3) the extent to which the participants overlap in the various dealings. *United States v. Kelly,* 892 F.2d 255 (3d Cir.1989). In *Kelly,* the defendants were charged with participating in a scheme to import phenyl–2–propanone (P2P), a chemical used to manufacture methamphetamine. *Id.* at 259. Applying the three-part test, the court determined that: (1) there was a common goal of all participants, to make money selling "speed"; (2) the change in "membership" of the conspiracy during the course of the conspiracy did not sever the conspiracy, because the activities of the participants were still necessary to carry out the conspiracy; and (3) the participants continued to participate in the conspiracy, and did not act at cross-purposes with each other. *Id.* at 259–60.

Based on the rules articulated in *Kelly,* the Court concludes that the Government has properly alleged a single conspiracy in Count One. The Government has alleged a single goal common among all Defendants, namely, to defraud the United States by defeating the lawful function of the IRS to determine and collect taxes. That a single conspiracy has been alleged is not changed by allegations that the individual Defendants carried out different activities in furtherance of the conspiracy. The allegations in Count One also indicate the agreement contemplated would bring to pass the continuous defrauding of the IRS, and depended upon the continuous cooperation of the conspirators. Finally, the three sub-schemes overlap and, as alleged, work in concert to carry out the master goal of defrauding the United States. Whether or not such a grand conspiracy existed should now more appropriately be determined by the evidence at trial. The count is not duplicitous, and therefore, Defendants' request that the count be dismissed is denied.

### D. *Compelling Election*

In the alternative, Defendants ask the Court to compel the Government to elect

among the conspiracy theories alleged. As the Court finds the Government has properly alleged a single conspiracy, this request is also denied.

### E. *Separate Motion of Sandra Lee Gambone to Dismiss Count One*

Defendant Mrs. Gambone moves, separately, to dismiss Count One of the indictment as duplicitous, or to compel election. For the reasons stated above, these requests are denied.

## IV. CONCLUSION

The Government has properly alleged a *Klein* conspiracy, consisting of a multi-part scheme to defraud the United States government, under 18 U.S.C. § 371. For the above stated reasons, Defendants' Motions to Dismiss Count One of the Indictment, or in the Alternative to Compel Election, are denied.

An appropriate Order follows.

### ORDER

**AND NOW,** this day of September, 2000, upon consideration of Defendants' Motion to Dismiss Count One of the Indictment (Docket No. 39), Defendants' Motion to Compel Election or Dismiss Count One of the Indictment as Duplicitous (Docket No. 51), and Sandra Lee Gambone's Motion for Dismissal of Count One, or, in the alternative, to Compel Election or Order a Separate Trial (Docket No. 38),[4] the Government's Response (Docket No. 44), and Oral Argument held before the Court on August 23, 2000, **IT IS HEREBY ORDERED** that Defendants' requests to dismiss Count One of Indictment or to Compel Election are **DENIED.**

---

4. As the Government has not yet had the opportunity to respond to Sandra Lee Gambone's request for a separate trial, the Court reserves disposition of that specific part of Defendant's Motion for consideration at a later time.